**William Lee GREER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1280S454.

Supreme Court of Indiana.

Dec. 9, 1981.

J. Richard Kiefer, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael G. Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, William Greer, was charged with the offense of murder in 1978, and upon that charge entered his plea of guilty to voluntary manslaughter pursuant to a plea agreement approved by the court. He received a sentence of twenty years. Subsequently he filed a post-conviction proceeding which culminated in a hearing and a judgment denying relief. This is an appeal from that judgment.

In his petition below appellant sought to withdraw his plea of guilty because it was not made knowingly, voluntarily, and intelligently, in that the trial court had failed to advise him of consequences of his plea in three respects, namely:

(1) that the court in sentencing could increase the presumptive sentence of ten years by reason of any prior convictions;

(2) that he would be ineligible for parole until he had served one-half of any fixed term of imprisonment; and

(3) that he would be required to suffer a mandatory parole term upon release from prison.

## I.

Indiana Code § 35–4.1–1–3, states in pertinent part:

"The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

\* \* \* \* \* \*

(d) Informing him of the maximum possible sentence and minimum sentence for the offense charged *and of any possible increased sentence by reason of the fact of a prior conviction or convictions,* and of any possibility of the imposition of consecutive sentences." (Emphasis added.)

At the hearing on Greer's guilty plea the trial judge expressly advised him of the sentencing range as follows:

"THE COURT: A class B felony carries a presumptive sentence of ten (10) years, to which the Court can decrease by four (4) years or increase by ten (10) years. Do you understand that . . .

MR. GREER: Yes, sir.

THE COURT: . . . possible range of penalties from six (6) to twenty (20) years? Do you understand that?

MR. GREER: Yes, sir.

\*    \*    \*    \*    \*    \*

THE COURT: Do you understand what would happen then? The Court would have a sentencing hearing, at which time you would have the right to produce any mitigating circumstances which might result in a decrease of the sentence, or the State of Indiana may have a right to produce evidence to show there are aggravating circumstances. Do you understand that?

MR. GREER: Yes, sir.

THE COURT: The Court would also have and consider the presentence investigation report in deciding what sentence should be imposed. It will be entirely up to the Court. Do you understand that?

MR. GREER: Yes, sir.

THE COURT: But you would have the right to produce evidence at a sentencing hearing. Do you understand that?

MR. GREER: Yes, sir.

THE COURT: Is that your understanding of the plea agreement?

MR. GREER: Yes, sir."

At the hearing on Greer's post-conviction proceeding, he did not rely upon the record alone, but personally testified in the following manner:

"Q. All right. So you've had at least two (2) presentence investigations in your past that have been done on cases where you've been found guilty, right?

A. Where I've pleaded guilty for a specific number of years.

Q. Okay. And in those presentence investigations wasn't one of the first things in that investigation a list of your criminal record?

A. Right.

Q. Okay. And in this case you signed a plea agreement, correct?

A. I did.

Q. And the plea agreement said that one of the things the Judge would consider was the presentence investigation before he sentenced you.

A. Right.

Q. So you knew then that the Judge would consider the presentence, right?

A. Well, yeah.

Q. And you knew the presentence would include your criminal record.

A. Well, among other things. . . .

Q. Okay.

A. . . . yes."

This Court has repeatedly held that the record of the guilty plea proceeding must provide a sufficient basis for the conclusion that the defendant was meaningfully informed of his rights and the consequences of a plea of guilty as required by Ind. Code § 35–4.1–1–3. *Turman v. State,* (1979) Ind., 392 N.E.2d 483. Here, appellant was told in a meaningful manner by the trial court that prior convictions would be considered in deciding whether to give more than the presumptive sentence when the court explained that he could add ten years to the presumptive ten year sentence or subtract four years from it; that he could select a determinate sentence from six to twenty years; and that he would make this decision upon consideration of the presentence investigation report. The presentence investigation report contains the prior criminal record of the defendant, and appellant through his own mouth, under oath, testified at the post-conviction hearing, that he knew at the time the plea was made that a presentence report would reveal his prior criminal convictions. Thus, in this manner, appellant was told by the sentencing judge that his prior convictions would be considered in deciding whether or not to increase the sentence beyond the presumptive ten year sentence, and the re-

quirements of the statute were satisfied. The findings of the trial court on this point are sustained, and they support the conclusions against appellant. Appellant was not entitled to withdraw his plea of guilty on this basis.

## II.

Appellant claimed below that he was entitled to withdraw his plea of guilty as unknowing and involuntary because the trial court at the plea proceeding did not advise him that he would be required to serve a minimum of one-half any determinate sentence set by the court, before becoming eligible for parole. It is alleged that a newly enacted statute increased this minimum from one-third to one-half. According to Ind. Code § 35–4.1–1–6 withdrawal of a guilty plea must be granted if necessary to correct a manifest injustice. A manifest injustice exists when a plea was not knowingly and voluntarily made.

The question presented here is whether a plea is knowingly made in the absence of advice that the minimum time to be served before eligibility for parole is established was increased from one-third to one-half the sentence given. In *United States v. Smith*, (7th Cir. 1979) 440 F.2d 521, in applying Rule 11 of the Federal Rules of Criminal Procedure which requires a federal judge to establish on the record that a defendant understands "the consequences of the plea", the Seventh Circuit held that total ineligibility for parole specially required in narcotics cases is an element which a defendant pleading in such cases must know. In *United States ex rel. Robinson v. Israel*, (7th Cir. 1978) 581 F.2d 1276, the same court held that there must be no significant difference between the sentence promised and the one imposed.

In the case at bar, appellant was not subject to total ineligibility for parole. The criteria for eligibility for parole to which he was subjected were those generally applicable to prisoners, and did not exist as a special penalty for persons sentenced for voluntary manslaughter. Appellant's plea of guilty here was made in return for an executed and determinate sentence, which the court gave. Service of the period set, namely twenty years, will satisfy the judgment. Knowledge of the generally applicable criteria which if met will result in satisfaction of the judgment without serving the entire twenty years was not essential to the voluntary and knowing character of this plea.

## III.

Appellant next claimed below that his plea was not knowing and voluntary because the sentencing court did not inform him that he would be required to serve a parole term upon release from prison. Indiana Code § 35–50–6–1, in effect at the time of appellant's sentencing, provides:

"(a) A person imprisoned for a felony shall be released on parole when he completes his fixed term of imprisonment, less the credit time he has earned with respect to that term.

(b) A person remains on parole from the date of his release until his fixed term expires, unless his parole is revoked or he is discharged from that term by the Indiana parole board. In any event, if his parole is not revoked, the parole board shall discharge him not more than one year after the date of his release.

(c) A person whose parole is revoked shall be imprisoned for the remainder of his fixed term. However, he shall again be released on parole when he completes that remainder, less the credit time he has earned since the revocation. The parole board may reinstate him on parole at any time after the revocation. For purposes of this subsection, the time the person spent on parole before the revocation does not diminish the remainder of his fixed term."

As noted in consideration of the prior claim, the sentence of an executed twenty year term was in effect agreed to by appellant and was provided. This statute, as we read and understand it, does not provide for mandatory parole to be served after the term established in the sentence. The parole requirements in the statute have gen-

eral application to persons imprisoned for felonies, and do not constitute a special penal consequence for those found guilty of involuntary manslaughter. Knowledge of these requirements was not essential to the voluntary and knowing character of appellant's plea.

The judgment is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.