**William Lee GREER, Petitioner,**

v.

**Jack DUCKWORTH, Warden, and Indiana Attorney General, Respondents.**

No. S82–0059.

United States District Court,
N.D. Indiana,
South Bend Division.

Jan. 14, 1983.

William Lee Greer, pro se.

Linley E. Pearson, Atty. Gen., Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This cause comes before the Court on the petition for writ of habeas corpus of William Lee Greer, filed pursuant to 28 U.S.C. § 2254.

The Petitioner was charged with the offense of murder in 1978, and upon that charge entered his plea of guilty to voluntary manslaughter pursuant to a plea agreement approved by the trial court. The Petitioner was subsequently sentenced to serve twenty-years' imprisonment. Following his conviction, the Petitioner filed a post-conviction relief proceeding in the trial court, which held a hearing and entered judgment denying relief. A direct appeal from this judgment was taken to the Indiana State Supreme Court, which decided unanimously to uphold the judgment of the trial court. *Greer v. State,* Ind., 428 N.E.2d 787 (1981).

The entire state record has been filed here and has been carefully reviewed.

The issue here presented is whether the Petitioner's guilty plea to the charge of voluntary manslaughter was made knowingly, voluntarily and intelligently.

The Petitioner, William Lee Greer, has exhausted his available State court remedies with respect to the issue raised in the instant habeas corpus petition.

On January 18, 1978, an indictment was filed charging Petitioner William Lee Greer with murder (R. 7–8). On March 27, 1978, the Petitioner entered into a plea agreement with the State of Indiana in which the Petitioner agreed to plead guilty to a charge of voluntary manslaughter (R. 20–22).

A guilty plea hearing was then conducted and the state trial judge informed the Petitioner of his constitutional rights and of his rights under the Indiana statute (R. 37, *et seq.*). The state trial judge, however, did not specifically inform the Petitioner that his prior convictions could be used to increase the sentence, nor did the trial judge inform the Petitioner of changes in the parole laws. The Petitioner was sentenced to twenty years' imprisonment due to his prior criminal history, his propensity for possession of firearms, and the seriousness of the offense and the aggravating nature of the offense (R. 62–63). The Petitioner raised no objection or protest (R. 63–64).

On February 22, 1980, nearly two years after he was sentenced, the Petitioner filed his petition for post-conviction relief claiming his guilty plea was not made voluntarily, intelligently, and knowingly (R. 69–83). At the hearing on that petition, the Petitioner claimed he did not know his prior convictions could be used as aggravating circumstances and that he would not have pled guilty had he known of this (R. 146–148). The Petitioner did admit that he knew his presentence report would contain his prior record and that the presentence report would be considered by the judge in determining the sentence (R. 151–152). The Petitioner also stated that he had not been promised any particular number of years (R. 155).

The post-conviction court found against the Petitioner (R. 106–107) and Petitioner appealed from that decision. The finding of the post-conviction court was unanimously upheld by the Indiana State Supreme Court. *Greer v. State,* Ind., 428 N.E.2d 787. The Petitioner now raises essentially the identical claims he raised in his appeal from the denial of his petition for post-conviction relief.

This same ground was raised in the Petitioner's State court proceedings attacking his sentence and was there based upon the following Indiana statute:

> The court shall not accept a plea of guilty from the defendant without addressing the defendant and
>
> \* \* \* \* \* \*
>
> (d) informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible

increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of consecutive sentences;

 \* \* \* \* \* \*

Ind.Code 35–4.1–1–3(d) (since repealed).

■ Rule 11 of the Federal Rules of Criminal Procedure, 18 U.S.C., requires that a criminal defendant be specifically advised of certain facts before a guilty plea may be entered knowingly and voluntarily. This rule codifies the United States Supreme Court's holding in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Part (c)(1) of Rule 11 requires that a defendant be advised of the nature of the charge, the mandatory minimum and maximum possible penalties proved by law. Nowhere in Rule 11 is the judge required specifically to advise a defendant of the factors which may be considered in determining which sentence will be imposed. *Hunter v. Fogg,* 616 F.2d 55 (2nd Cir.1980); *United States v. Gray,* 611 F.2d 194 (7th Cir.1979); cert. denied, 446 U.S. 911, 100 S.Ct. 1840, 64 L.Ed.2d 264; *Horsley v. United States,* 583 F.2d 670 (3rd Cir.1978).

■ Recent cases in this circuit under Rule 11 are instructive. *See U.S. v. Lovelace,* 683 F.2d 248 (7th Cir.1982); *U.S. v. Thompson,* 680 F.2d 1145 (7th Cir.1982) and *U.S. v. Delegal,* 678 F.2d 47 (7th Cir.1982). The plea proceedings in these state criminal proceedings would certainly pass muster under Rule 11 as above interpreted.

From an examination of the record of the Petitioner's guilty plea proceedings, it is clear that the Petitioner was advised of the possible range of sentences that he was exposing himself to by pleading guilty to the charge of voluntary manslaughter:

> *THE COURT:* A class B felony carries a presumptive sentence of ten (10) years, to which the Court can decrease by four (4) years or increase by ten (10) years.
>
> *MR. GREER:* Yes, sir.
>
> *THE COURT:* ... possible range of penalties from six (6) to twenty (20) years?
>
> *MR. GREER:* Yes, sir.
>
> *THE COURT:* That would be determinate time. Do you understand that?

> *MR. GREER:* Yes, sir.

(R. 41–42).

The prosecution made *no* recommendation as to sentencing as part of the plea agreement with the Petitioner (R. 44). The trial judge, moreover, advised the Petitioner what would happen at the sentencing hearing as follows:

> *THE COURT:* Do you understand what would happen then? The Court would have a sentencing hearing, at which time you would have the right to produce any mitigating circumstances which might result in a decrease of the sentence or the State of Indiana may have a right to produce evidence to show there are aggravating circumstances. Do you understand that?
>
> *MR. GREER:* Yes, sir.
>
> *THE COURT:* The Court would also have and consider the presentence investigation report in deciding what sentence should be imposed. It will be entirely up to the Court. Do you understand that?
>
> *MR. GREER:* Yes, sir.
>
> *THE COURT:* But you would have the right to produce evidence at a sentencing hearing.
>
> *MR. GREER:* Yes, sir.
>
> *THE COURT:* Is that your understanding of the plea agreement?
>
> *MR. GREER:* Yes, sir.

(R. 45–46).

The Petitioner was, therefore, advised that sentencing was entirely up to the court, that the court would consider the presentence report, and that evidence of aggravating or mitigating circumstances would be considered.

In addition, the Petitioner's counsel presented argument as to mitigating circumstances at the sentencing hearing (R. 59) and, furthermore, mentioned the problems occasioned by Petitioner's prior criminal convictions with regard to aggravating circumstances (R. 59–60). From this argument by Petitioner's counsel it is clear that the Petitioner would have been informed that his prior convictions, as noted in the

presentence report, could be used as aggravating circumstances.

Further, when the state trial judge pronounced sentence (R. 62–63), the Petitioner registered no objection or protest to the sentence of twenty years, even though the sentence was based upon aggravating circumstances which included the Petitioner's prior criminal record.

At the hearing on the post-conviction petition, the Petitioner admitted that, at the time he entered his plea, he knew the judge would consider his presentence report and that the presentence report would contain his prior convictions (R. 152–153).

At the hearing on his post-conviction petition, Petitioner claimed that he would not have pled guilty if he had known his prior convictions could be used to increase the basic sentence (R. 148). This bald assertion does not explain why the Petitioner did not protest his sentence at the time it was pronounced. The record as a whole indicates that the Petitioner was aware of this factor and entered his plea knowingly, voluntarily, and intelligently.

■ The federal courts have jurisdiction to entertain an application for writ of habeas corpus only on the ground that the Petitioner's confinement violates the Constitution or laws of the United States, 28 U.S.C. § 2254(a), or that the claimed error of law in the State proceedings is a fundamental defect which inherently results in a complete miscarriage of justice. *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). The Petitioner has failed to state a claim which is cognizable by the federal courts.

The Petitioner argues that the trial judge erred in not informing him at the guilty plea hearing that the statute regarding eligibility for parole had been changed and that he would not be eligible for parole after he had served one-third of his sentence. The Petitioner's argument concerns the change in computation of good time credit brought about by the new penal code, IC. 35–50–6–3.

Petitioner, in fact, is not ineligible for parole; but rather, the new penal code merely changed the time in which one becomes eligible for parole.

■ The Petitioner's claim that it was error for the court not to advise him of these changes is without merit. The statute concerning the advisement of rights before accepting a guilty plea (IC. 35–4.1–1–3) (since repealed, *see* IC. 35–35–1–3) does *not* require the judge to inform the defendant of eligibility for parole or "good time" credit. The Respondents argue that because the state trial judge did not have a duty to advise Petitioner of the changes in the parole and "good time" law, the failure of the state trial judge to so advise the Petitioner violated neither State nor federal laws or rights of the Petitioner.

The provisions of federal law support the actions of the state trial judge in determining the voluntariness of the Petitioner's guilty plea. Rule 11(c) of the Federal Rules of Criminal Procedure, Title 18 U.S.C., which sets forth the inquiries which must be made of a criminal defendant before a guilty plea may be accepted, nowhere requires the defendant to be advised as to the indirect consequences of his guilty plea such as eligibility for normal parole release. *United States v. Garcia,* 617 F.2d 1176 (5th Cir.1980); *Hunter v. Fogg,* 616 F.2d 55 (2nd Cir.1980); *Strader v. Garrison,* 611 F.2d 61 (4th Cir.1979); *Bunker v. Wise,* 550 F.2d 1155 (9th Cir.1977).

No special conditions to which the Petitioner might be subject before being eligible for parole release were imposed by the sentencing judge (R. 63). The Petitioner was not declared ineligible for parole from his prison term at sentencing.

In *United States ex rel. Robinson v. Israel,* 603 F.2d 635 (7th Cir.1979), cert. denied, 444 U.S. 1019, 100 S.Ct. 675, 62 L.Ed.2d 650 it is stated:

In this case, petitioner was promised and received a ten to forty year prison term in exchange for his guilty plea. The fact that the prosecutor and trial judge later

recommended to the parole board that petitioner serve the maximum time under the sentence imposed does not constitute an addition to the term he was promised. Regardless of the effect that recommendation might have on his parole eligibility, petitioner will never be in custody longer than he was told he would be. Thus, unlike the defendant in [United States ex rel.] *Baker* [*v. Finkbeiner,* 551 F.2d 180 (7th Cir.1977)], petitioner received exactly what he was promised: custody of from ten to forty years. He therefore obtained the benefit of his bargain and suffered no prejudice in derogation of the due process clause.

603 F.2d 635 at 638.

In this case, the Petitioner received exactly what he bargained for. His claim that his guilty plea was not voluntary is without merit and raises no issues cognizable by the federal courts within their habeas corpus jurisdiction. The Petitioner is not, therefore, entitled to the issuance of the writ of habeas corpus. *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

 The Petitioner argues that the trial judge was required to advise him of a mandatory parole term which he would have to serve following imprisonment and that because the judge failed to advise him of the mandatory parole term his guilty plea was not made intelligently and knowingly.

The Indiana parole statute does not establish a mandatory parole term following imprisonment which would serve to increase the length of a sentence. The Indiana parole statute provides as follows:

35–50–6–1. *Parole.*—(a) When a person imprisoned for a felony completes his fixed term of imprisonment, less the credit time he has earned with respect to the term, he shall be released:

(1) On parole; or

(2) To the committing court if his sentence included a period of probation.

(b) A person released on parole remains on parole from the date of his release until his fixed term expires, unless his parole is revoked or he is discharged from that term by the Indiana parole board. In any event, if his parole is not revoked, the parole board shall discharge him not more than one year after the date of his release.

(c) A person whose parole is revoked shall be imprisoned for the remainder of his fixed term. However, he shall again be released on parole when he completes that remainder, less the credit time he has earned since the revocation. The parole board may reinstate him on parole at any time after the revocation. (IC 35–50–6–1, as added by Acts 1976, P.L. 148, § 8; 1977, P.L. 340, § 132; 1979, P.L. 120, § 11; 1981, P.L. 298, § 7.)

This statute does not mandate a parole term beyond the fixed term of incarceration, but does, in fact, permit a felon to be released from incarceration at a time prior to the expiration of his fixed term of imprisonment.

By the terms of the Indiana Statute, the Petitioner is not prejudiced by any parole term after his release from prison because under the Indiana statute parole cannot extend beyond the fixed term of the sentence, and, the Petitioner did not bargain for anything less than what he has received. Petitioner Greer pled guilty knowing that he could be sentenced to twenty years in prison (R. 41,147, 153–155).

The Indiana statute does not mandate parole term following the completion of the fixed term of the sentence.

The Petitioner has failed to demonstrate that the state trial judge was required to inform him of any "mandatory" parole term. Likewise, the Petitioner has failed to demonstrate any prejudice since he received the sentence for which he bargained. The Petitioner has failed in his burden to show the Constitutional infirmity in the state trial judge's acceptance of his guilty plea in exchange for a sentence of twenty years imprisonment, *including* any periods of time spent on parole release. *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60

**730**

L.Ed.2d 634 (1979); *Bachner v. United States,* 517 F.2d 589 (7th Cir.1975). Having failed to meet his burden of establishing those facts which entitle him to habeas corpus relief the Petitioner has failed to state a claim which is cognizable by the federal courts. 28 U.S.C. § 2254(a); *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *Howard v. Olgiati,* 435 F.Supp. 886 (D.C.N.Y.1977).

The Petitioner is not entitled to the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Motion denied.