William E. JONES, Appellant,

v.

STATE of Indiana, Appellee.

No. 885S325.

Supreme Court of Indiana.

April 25, 1986.

Pete A Pappas, Clark, Clark, Pappas & Quinn, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

This is an appeal from a denial of post-conviction relief. In February, 1984, appellant withdrew his plea of not guilty to a charge of five counts of violation of the Indiana Controlled Substance Act and entered a plea of guilty to a charge of Dealing in Cocaine, a Class B felony, a lesser included offense under Count II of his original charge. Appellant was subsequently sentenced to fifteen (15) years executed sentence on his plea of guilty.

Appellant now claims his plea of guilty was not intelligently and voluntarily made as required by the United States Constitution. He makes two specific claims of omission by the trial court: 1) the mandatory special parole time where a petitioner could conceivably serve the entire fifteen (15) years as fully executed time; and 2) the minimum and maximum applicable sentences of the crimes charged including fines. We find no merit to either of these claims.

There is no requirement in the law that a person entering a plea of guilty be advised as to the possible future effects the parole statutes will have upon his incarceration. In *Greer v. State* (1981), Ind., 428 N.E.2d 787, 790–91, we held: "The parole requirements in the statute have general application to persons imprisoned for felonies, and do not constitute a special penal consequence for those found guilty of involuntary manslaughter. Knowledge of these requirements was not essential to the voluntary and knowing character of appellant's plea." *See also, Romine v. State* (1982), Ind., 431 N.E.2d 780; *Greer v. Duckworth* (N.D.Ind.1983), 555 F.Supp. 725.

There is nothing in either the statutes or the case law of this state that requires the defendant be advised as to the possible sentences for all crimes charged. The only requirement is that he be advised as to the consequences of his plea as it relates to the specific crime under which he is to be sentenced on his plea. *Brown v. State* (1983), Ind., 443 N.E.2d 316.

An examination of the record in this case reveals that appellant was fully advised as to his plea of guilty to Dealing in Cocaine, a Class B felony.

The trial court is affirmed.

All Justices concur.