William Jack **VANDERBERG**, Appellant (Defendant Below),

v.

**STATE of Indiana, Appellee** (Plaintiff Below).

No. 3–781A174.

Court of Appeals of Indiana, Third District.

May 11, 1982.

Rehearing Denied June 17, 1982.

Susan K. Carpenter, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Stephan E. Wolter, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

William Jack VanDerberg appeals the trial court's denial of his petition for post-conviction relief under Ind.Rules of Procedure, Post-Conviction Rule 1. Issues raised in this appeal are:

(1) whether VanDerberg's guilty plea was knowingly, intelligently and voluntarily entered;

(2) whether a sufficient factual basis for the guilty plea was established; and

(3) whether VanDerberg was denied his right to the effective assistance of counsel.

VanDerberg was charged with possession of marijuana, a class D felony and with being an habitual offender. On October 4, 1979 the State filed a recommendation calling for a plea of guilty to possession of marijuana under 30 grams, a class A misdemeanor and the dismissal of the habitual offender count. Pursuant to the recommendation, VanDerberg would receive a suspended sentence of one year and sixty days in the county jail with probation to follow. The trial court reviewed VanDerberg's record, and, in light of VanDerberg's two prior felony convictions, determined that the State's recommendation should not be accepted until a hearing was conducted on VanDerberg's motion to suppress evidence. The recommendation was never accepted by the court.

On June 26, 1980 VanDerberg pled guilty to the possession charge. On July 9, 1980 VanDerberg, while pleading not guilty to the habitual count, admitted that he had been convicted of three prior felonies. VanDerberg was sentenced to the presumptive term of two years for the class D felony with an additional two years for aggravating circumstances. As aggravating circumstances, the trial court found two prior felony convictions. No finding was made with regard to the habitual offender count. VanDerberg thereafter filed his petition for post-conviction relief.

In a post-conviction proceeding the burden is upon the petitioner to establish his grounds for relief by a preponderance of the evidence. Ind.Rules of Procedure, Post-Conviction Rule 1, § 5. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the

witnesses. The trial court's decision will be set aside only where the evidence is without conflict and leads unerringly to a result other than that reached by the trial court. *Lloyd v. State* (1979), Ind., 383 N.E.2d 1048.

VanDerberg initially argues that his guilty plea was not knowingly, intelligently, and voluntarily entered due to the trial court's failure to inform him of any possible increased sentence by reason of the fact of his prior felony convictions pursuant to IC 1971, 35–4.1–1–3(d) (Burns 1979 Repl.). VanDerberg cites *Bullock v. State* (1980), Ind.App., 406 N.E.2d 1220 in support of his argument.

IC 1971, 35–4.1–1–3 provides:

"Plea of Guilty—Defendant advised by court.—The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

(a) Determining that he understands the nature of the charge against him;

(b) Informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

(c) Informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(d) Informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences;

(e) Informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby."

Section 3(d) of the statute requires the court to inform a defendant of: 1) the maximum and minimum statutory sentences for the offense charged; 2) any possible increased sentence by reason of a prior conviction or convictions; and 3) any possibility of the imposition of consecutive sentences. The statute thus covers three general situations: 1) where a presumptive sentence may be decreased or increased because of mitigating or aggravating circumstances; 2) where a statutory maximum sentence for the offense charged may be increased further because of a prior conviction or convictions, *e.g.*, driving while intoxicated IC 1971, 9–4–1–54 (1981 Burns Supp.) and habitual offender status;[1] and 3) where a defendant pleads guilty to multiple counts and such aggravating circumstances appear as to favor imposition of consecutive sentences.

In the present case, VanDerberg was informed that the presumptive sentence for a class D felony was two years, to which an additional two years could be imposed for aggravating circumstances. Contrary to VanDerberg's assertion, the trial court did not have to inform him that his prior convictions could result in the aggravated sentence. A trial court needs to discuss the prior convictions only when there is a possibility that the maximum sentence provided for in the individual sentencing statutes may be increased because of a prior conviction or convictions. Once the trial court informs a defendant of the maximum sentence for the offense charged, it fulfills its statutory obligation. Trial courts need not inform a defendant of the aggravating circumstances which could result in an increase to the presumptive sentence. To the extent that *Bullock v. State, supra*, holds otherwise, it misconstrues IC 1971, 35–4.1–1–3.

The record indicates that the trial court erred in failing to inform VanDerberg that because of his prior felony convictions, and

---

1. Prior to the 1977 amendments to the statutes, the sentencing statutes provided for imposition of increased sentences if the defendant had a prior felony conviction or convictions. *See* Ind. Code 35–50–2–4—35–50–2–7 (1976 Supp.).

the habitual offender count filed by the State, he was subject to an additional term of thirty years. The trial court did not enter a finding on the habitual offender charge, nor was VanDerberg sentenced on this count. VanDerberg has therefore failed to establish how he was prejudiced by the trial court's error. Reversible error does not exist absent prejudice to a defendant. *Mitchell v. State* (1979), Ind., 398 N.E.2d 1254. It should be noted however that although the trial court did not make a finding on the habitual offender count or sentence VanDerberg on the charge, it also did not dismiss the charge. It is apparent from the trial judge's statements at the sentencing hearing that his intent was to dismiss the habitual charge. This case is therefore remanded to the trial court for the purpose of entering an order dismissing the habitual count.

The next issues raised by VanDerberg concern the factual basis for his guilty plea. In particular, VanDerberg argues that the trial court failed to determine whether VanDerberg understood the nature of the charge against him in accordance with IC 1971, 35–4.1–1–3(a). VanDerberg also argues that the trial court made no inquiry with regard to VanDerberg's actual knowledge of the presence of the marijuana in the car he was driving.

The record reveals the following:

"THE COURT: Do you understand that the charge to which you are pleading guilty is possession of marijuana, a Class D Felony?

"THE DEFENDANT: Yes.

"THE COURT: Do you understand that by pleading guilty you're admitting the truth of all the material facts set forth in the charging affidavit and to any offense included thereunder?

"THE DEFENDANT: Yes, sir."

*Record* at 421–422.

The prosecutor also read the information charging VanDerberg with possession of marijuana together with the statute defining the crime (IC 1971, 35–48–4–11), which included the elements of knowledge or intent. The following exchange took place after the information was read to VanDerberg:

"THE COURT: Okay. Mr. VanDerBerg [sic], do you understand what the prosecutor has read to you?

"THE DEFENDANT: Yes, sir.

\*    \*    \*    \*    \*    \*

"THE COURT: Okay. Do you want to tell me in your own words what you did, Mr. VanDerBerg [sic]?

"THE DEFENDANT: I was driving through Bristol and I got stopped for an unsafe vehicle. And he did an inventory of the car and found three bags underneath the front seat.

\*    \*    \*    \*    \*    \*

"THE COURT: Were you in possession of three bags of marijuana?

"THE DEFENDANT: Yes, sir."

*Record* at 423 and 426.

These statements by the trial court, the prosecutor and VanDerberg are sufficient to establish the factual basis for the offense. *Lloyd v. State, supra,* Ind., 383 N.E.2d 1048. VanDerberg has failed to sustain his burden of proof with regard to these issues.

Finally, VanDerberg contends that he was denied his right to the effective assistance of counsel. Specifically, VanDerberg argues that his attorney did not properly represent him at the hearing to suppress evidence. VanDerberg also alleges that his attorney failed to move for the suppression of a statement made by VanDerberg after his arrest.

In making a determination on the adequacy of a defendant's representation, it is strongly presumed that the attorney is competent. "Absent a glaring and critical omission or succession of omissions evidencing in their totality a mockery of justice, this Court will not attribute a criminal conviction or affirmation to ineffective assistance of counsel." *Hendrix v. State* (1981), Ind., 418 N.E.2d 1161, at 1162.

VanDerberg contends that at the suppression hearing his counsel should have

questioned the arresting police officer about alleged perjured testimony. At the post-conviction hearing, counsel testified that he believed that the alleged perjury may have been used at trial for impeachment purposes, but had no bearing on the suppression of the marijuana. The record supports the attorney. The alleged perjury concerned what the officer discovered about the vehicle's registration a few days after the arrest. Such statements are clearly irrelevant to issues regarding the propriety of the arrest and the inventory search after impoundment of the car. The proper time to raise the alleged perjury would be during cross-examination of the officer at trial.

VanDerberg also argues that he was denied the effective assistance of counsel because his attorney failed to fully research a brief filed as a result of the suppression hearing and also failed to move for suppression of a statement made after the arrest. VanDerberg fails to inform this Court however in what manner the brief was inadequate, or how he was harmed by the statement. In fact, VanDerberg fails to tell the contents of his statement, refer this Court to where the statement appears in the record, or enlighten the Court as to how the statement was used. VanDerberg has therefore failed to establish that the evidence is without conflict and leads to a result other than that reached by the trial court. Accordingly, reversible error has not been shown.

This case is remanded to the trial court for an entry of an order dismissing the habitual offender charge. In all other respects the decision of the trial court is affirmed.

GARRARD, J., concurs.

STATON, J., concurs with opinion.

STATON, Judge, concurring.

I concur. The factual basis for the guilty plea can also be taken from the "Affidavit to Show Probable Cause". *Hitlaw v. State* (1978), Ind.App., 381 N.E.2d 527, 528. The Affidavit states: "4. That WILLIAM J. VANDERBERG has admitted that the aforesaid Marijuana was present in said motor vehicle and that the same belonged to him." T. 12. Too, the tow truck driver testified at the motion to suppress hearing that VanDerberg did have marijuana under the seat of his car. T. 385. If this is considered along with the other statements brought out by the Majority Opinion, a factual basis for the guilty plea was established.