**Willie NEAL, Jr., Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 582S175.

Supreme Court of Indiana.

April 22, 1983.

Joseph D. Bradley, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Joseph Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioner (Appellant) was convicted in a trial by jury of armed felony (robbery), Ind.Code § 35–12–1–1 (Burns 1975), and kidnapping, Ind.Code § 35–1–55–1 (Burns 1975). He was sentenced to fifteen (15) years imprisonment upon the robbery charge and to imprisonment for life upon the kidnapping charge. On direct appeal, this Court affirmed. *Neal v. State,* (1977) 266 Ind. 665, 366 N.E.2d 650. This appeal from the denial of post conviction relief presents the following issues:

(1) Whether the trial court erred in denying Petitioner's motion for a change of judge.

(2) Whether the trial court erred in not finding that an inculpatory statement, which Petitioner made to a police officer, had been obtained as the result of an implicit promise.

(3) Whether the trial court erred in not finding that Petitioner was denied the adequate assistance of counsel.

Before proceeding to Petitioner's claims, we restate the standard of review in post conviction proceedings:

"Petitioner had the burden of proof and stands in the shoes of one appealing from a negative judgment. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law." *Neville v. State,* (1982) Ind., 439 N.E.2d 1358, 1360. (citations omitted).

\*　　\*　　\*　　\*　　\*　　\*

## ISSUE I

Petitioner first contends that the trial court erred in not granting his motion for change of judge. Ind.R.P.C. 1, section 4(b) provides:

"Change of venue from the judge shall be granted when the petitioner files, within ten (10) days of the filing of his petition, an affidavit that the judge has a personal bias or prejudice against petitioner. The affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be accompanied by a certificate of good faith of petitioner's counsel. For good cause shown, the petitioner may be permitted to file the affidavit after the ten (10) day period. No change of venue from the county shall be granted."

Petitioner acknowledges that his motion was not timely, so as to qualify for the

automatic change of judge provision, but argues that there was good cause shown for the late filing, i.e., the late appointment of counsel. He also stresses that the motion, on its face, contained an adequate showing of bias because it alleged that Judge Kopec, who had presided at the original trial, was unable to preside in a fair and impartial manner in this matter. Petitioner arrives at this conclusion via an additional nonspecific allegation that assertedly relates to the admissibility of his statement to a police officer, the subject of Issue II, infra:

"3. That the petition filed herein includes the allegation of error by the trial judge at the trial of this cause of action in the denial of this petitioner's constitutional rights regarding the admission of certain testimony by witnesses at said trial." (R. at 163).

█ We note that the motion in this case was not in affidavit form and did not contain the attorney's certificate of good faith. Moreover, to the extent that paragraph three thereof may be regarded as an assignment of the erroneous admission of Defendant's statement, it did not completely state the record. The admissibility of the statement had been subjected only to a motion in limine, and the ruling thereon preserved nothing for appeal. Trial counsel's failure to move to suppress the statement or to object to the testimony of the police officer who related it, is asserted as the basis for the claim of inadequate assistance of counsel in Issue III, infra. Thus, it is apparent from Petitioner's pleadings in this Court, that contrary to his implicit assertion, Judge Kopec had never made a final ruling upon the admissibility of Defendant's statement. The issue had been raised only by a motion in limine, and such a motion seeks only a tentative ruling. Never having been asked to make a final ruling upon the admissibility of Defendant's statement, Judge Kopec could not subsequently be deemed to be partial or biased toward Defendant's claim. There was no error in the denial of Petitioner's motion for a change of judge.

## ISSUE II

At the original trial, one Officer Hayes, the investigating officer, testified without objection as follows:

"A. We (Petitioner and Hayes) were discussing an armed robbery that had happened. He stated that he wanted to tell me about some people that were involved in drugs in exchange for his freedom. I told him that I couldn't bargain with him. And we talked for quite some time and during this conversation he stated to me that he wasn't the one that if he had been the guy that had attempted to rape the woman that he would have kept the rings along with the money. And at this time I confronted him. I said how did you know that there were rings or anything involved in it and he said, 'well you told me so' and I had never said anything prior to that about the rings. I was real careful in talking to him." R. at 64–65.

Petitioner had contacted Hayes through Officer Mumford. After his arrest and during treatment at a hospital emergency room, Petitioner and Officer Mumford had a conversation. It is not absolutely clear from the record whether Petitioner or Mumford had initiated the contact, although the trial court could reasonably have inferred that Defendant was attempting to negotiate a plea bargain agreement in exchange for information he had about unrelated matters. Nevertheless, the trial court, in making its findings of fact, focused, quite properly, upon the substance of the conversation:

"5. That the only evidence of inducement or trickery to render defendant's statements involuntary was the admission of Officer Mumford that he told the defendant while they were in the hospital that Officer Hayes was a good guy and that maybe if the defendant talked to Hayes it would help. (Trial Transcript Page 174, lines 9 to 17).

"6. The court finds that defendant was adequately apprised of his Miranda rights and that he understood them. That the statements made at the booking desk were not the result of custodial in-

terrogation but voluntary interjections and protestations of innocence. That the last statement about the rings was made during custodial inquiry, but said interrogation was had at defendant's request after being apprised of his rights.

"7. The court further finds that a statement that the investigating officer is a 'good guy' and that 'maybe it would help if he talked to the police officer' is not such a coercive or unfair inducement or such a promise of immunity or mitigation of punishment so as to render the statement involuntary." (R. at 172).[1]

[redacted] The record amply supports the finding that Petitioner had been given and understood Miranda advisements. Additionally, Officer Hayes testified that, "I told him I couldn't bargain with him.", which supports a conclusion that, whatever misunderstanding Petitioner may have derived from Officer Mumford's remarks, it was unambiguously dispelled before Petitioner made the inculpatory statement. *See Shelby v. State,* (1981) Ind., 428 N.E.2d 1241, 1243. More importantly, under many decisions of this Court, Officer Mumford's representations were too vague and indefinite to constitute a promise or an improper inducement. *Phillips v. State,* (1981) Ind., 428 N.E.2d 20 (Officer promised that he would do whatever he could to obtain mental treatment for the accused and stated that "it would be a lot better that I give a statement at the time."); *Basham v. State,* (1981) Ind., 422 N.E.2d 1206, 1209 (The officer stated that, if asked to testify, he would state his belief in the accused's mental illness and would seek psychiatric aid for him.); *Ortiz v. State,* (1976) 265 Ind. 549, 555, 356 N.E.2d 1188, 1192 (The officer stated he would "see what he could do" and that he "could probably talk to the prosecutor and make a deal."); *Ward v. State,* (1980) Ind.App., 408 N.E.2d 140, 143 (The officer stated that he would help the accused in every way he could.) Had Petitioner objected to Officer Hayes' testimony, the trial court would have been justified in concluding that Petitioner's statement was not the result of promises or inducements, and was, therefore, admissible. There is no merit to Petitioner's argument.

## ISSUE III

Petitioner's assignment of inadequate assistance of counsel is predicated upon the trial counsel's failure to have made an in-trial objection to Officer Hayes' testimony about Petitioner's statement. He adds that he suffered substantial prejudice by having to change his strategy and take the witness stand, thereby exposing his prior felony conviction for armed robbery, in order to rebut Officer Hayes' testimony.

"Before counsel's failure to enter an objection may be regarded as ineffective representation, Petitioner must show that, had a proper objection been made, the trial court would have had no choice but to sustain it." *Beard v. State,* (1981) Ind., 428 N.E.2d 772, 774.

Petitioner has not sustained this burden, Issue II, supra.

There being no merit to any of Petitioner's assignments of error, the judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.

[redacted]

1. In this appeal, Petitioner challenges only the admissibility of his statement about the rings to Officer Hayes. He neither addresses the admissibility of any other statements nor contests the trial court's finding, supported by the record, that the other statements had been spontaneous.