**James T. JOHNSON, Appellant**
**(Petitioner Below),**

v.

**STATE of Indiana, Appellee**
**(Respondent Below).**

No. 982S345.

Supreme Court of Indiana.

Sept. 26, 1983.

Rehearing Denied Dec. 5, 1983.

Susan K. Carpenter, Public Defender of Indiana, Ihor N. Boyko, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

The Petitioner (Appellant) pled guilty, pursuant to a plea agreement, to Murder, Ind.Code § 35–42–1–1(1) (Burns 1979), and was sentenced to fifty (50) years imprisonment. This direct appeal from denial of Petitioner's petition for post conviction relief presents three issues for review, one of which compels us to reverse the judgment of the trial court and to order his guilty plea vacated.

On August 22, 1978, Petitioner was charged by indictment, with the murder of Nancy Reese on August 17, 1978. Petitioner entered a plea of not guilty to the charge and later filed a suggestion of insanity. On February 6, 1979, he withdrew his plea of not guilty and pled guilty pursuant to a plea agreement with the State. The trial court then proceeded to advise Petitioner of various legal rights that he was waiving by pleading guilty, and of the minimum and maximum sentences that he could receive. The Petitioner was sentenced on March 1, 1979 to fifty (50) years imprisonment.

On March 5, 1982, Petitioner filed a Petition for post-conviction relief. A hearing was held on April 14, 1982, at which time the matter was presented and considered solely upon the record of the guilty plea hearing and arguments of counsel. The court took the matter under advisement and on April 22, 1982 denied relief. This appeal followed.

Before proceeding to the merits of Petitioner's claim, we restate the standard of review in post-conviction relief proceedings:

"Petitioner [has] the burden of proof and stands in the shoes of one appealing from a negative judgment. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law." *Neville v. State,* (1982) Ind., 439 N.E.2d 1358, 1360 (citations omitted); *Neal v. State,* (1983) Ind., 447 N.E.2d 601, 602.

Petitioner contends that the advisements detailed in Ind.Code § 35–4.1–1–3 (Burns 1979) are mandatory and essential to a guilty plea's being deemed to have been voluntarily and knowingly made and points out that his advisements were deficient in that he was not advised that his prior convictions could be considered as aggravating circumstances for sentencing purposes.

Ind.Code § 35–4.1–1–3(d) provides:

"The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

\*     \*     \*     \*     \*     \*

"(d) *Informing him* of the maximum possible sentence and minimum sentence for the offense charged and *of any possible increased sentence by reason of the fact of a prior conviction or convictions,* and of any possibility of the imposition of consecutive sentences;" (Emphasis added).

At the time the trial court accepted Petitioner's guilty plea, the court advised Petitioner concerning the possible sentences as follows:

"Q. This document indicates that on your plea of guilty or if your plea of guilty is accepted at the time of sentencing, the State of Indiana will argue that you should be sentenced for more than the presumptive peri-

od of 40 years. Do you understand that?

"A. Yes, I do.

"Q. By the same token, your counsel is entitled to argue that there are mitigating factors which would warrant the reduction of your sentence to something less than 40. Do you understand that?

"A. Yes, I do.

"Q. And that the ultimate decision as to whether it's 40, 50, 60, 30 or any number in between there is my decision and that there is no agreement between either you, your lawyer or the prosecutor as to what the precise penalty would be. That's what this document indicates. That's your understanding?

"A. Yes, sir.

"Q. Do you understand also that the document also states that there is a fine that could be imposed, which goes up to $10,000.00?

"A. Yes, sir." (R. at 188–89).

The court did not discuss the effect which Petitioner's prior convictions could have upon the sentence, nor does the record reflect that Petitioner was aware that his prior convictions could result in an increased sentence.

■ In order to uphold a guilty plea as knowing and voluntary, the record must provide a sufficient basis for the conclusion that the defendant was meaningfully informed of the rights and law detailed in Ind.Code § 35–4.1–1–3 (Burns 1979). *Turman v. State,* (1979) Ind., 392 N.E.2d 483, 485. We will not presume that the defendant was aware of this information from a silent record. *Turman v. State,* 392 N.E.2d at 487. *See Boykin v. Alabama,* (1969) 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 280.

The State argues that the trial court sufficiently complied with the mandates of Ind.Code § 35–4.1–1–3(d) when it advised Petitioner of the minimum and maximum sentence, and that aggravating and mitigating factors may be considered to increase or decrease the presumptive sentence. In support of its position the State relies upon the Court of Appeals decision in *VanDerberg v. State,* (1982) Ind.App., 434 N.E.2d 936 (Trans. denied). In *VanDerberg* the appellate court held that "the trial court did not have to inform him [the Defendant] that his prior convictions could result in the aggravated sentence." *Id.* at 938. To the extent that it is there stated that a trial court needs to give advisements regarding the possible effect of prior convictions only when they might result in a sentence in excess of the maximum provided by statute for the offense charged, and that its obligation is fulfilled once it advises of the maximum sentence for that offense, the decision conflicts with the clear mandatory language of Ind.Code § 35–4.1–1–3, the holding of *Bullock v. State,* (1980) Ind. App., 406 N.E.2d 1220, and our holding in this case, and is disapproved. In *VanDerberg,* however, the appellant had been charged also with a count of habitual criminality and there were circumstances from which it could be concluded that he had been inferentially advised and knew that he was subject to the enhanced sentence of four (4) years which he received. It is distinguished from the case before us upon that basis.

■■ It is the duty of the trial judge to comply strictly with the terms of Ind.Code § 35–4.1–1–3. *Romine v. State,* (1982) Ind., 431 N.E.2d 780; *German v. State,* (1981) Ind., 428 N.E.2d 234; *Turman v. State,* 392 N.E.2d 483; *Bullock v. State,* 406 N.E.2d 1220; *Collins v. State,* (1979) Ind.App., 394 N.E.2d 211. He must create a record which provides a sufficient basis to conclude that the defendant was meaningfully advised of all the rights and law detailed in the statute. *Greer v. State,* (1981) Ind., 428 N.E.2d 787; *Turman v. State,* 392 N.E.2d at 485. Failure to comply strictly is a failure to meet an absolute prerequisite to the acceptance of a guilty plea. *Collins v. State,* 394 N.E.2d at 213; *see Neeley v. State,* (1978) 269 Ind. 588, 597, 382 N.E.2d 714, 719 (Prentice, J., dissenting); *German v. State,* 428 N.E.2d at 237 (overruling *Neeley* to the

extent that it held that the statutory obligation of the trial judge to advise the defendant may be met by something short of a direct in-court statement); *Barfell v. State,* (1979) Ind.App., 399 N.E.2d 377.

In *Maleck v. State,* (1976) 265 Ind. 604, 358 N.E.2d 116, Justice Hunter stated this court's position as follows:

"[W]e now hold it necessary for the trial judge to fully advise a defendant of his rights at the time a guilty plea is tendered . . . Only when a defendant is seriously considering entering a guilty plea will the advisement be meaningful to him and for the trial judge in determining an intentional and intelligent waiver of known rights. This is not an undue burden to place upon the trial court. The defendant is on the verge of committing years of his life to confinement. The little time necessary for the trial judge to advise a defendant at the time of his plea is a modicum relative to the significant consequences to a defendant." *Id.* at 606–7, 358 N.E.2d at 118.

In *Boykin v. Alabama,* Justice Douglas, writing for the Supreme Court, stated:

"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may later be sought, and forestalls the spin-off of collateral proceedings that seek to probe murky memories." 395 U.S. at 244, 89 S.Ct. at 1712, 23 L.Ed.2d at 280.

*See also Brady v. U.S.,* (1970) 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747.

■ Our rationale for requiring strict compliance with the statute has been cogently stated by the Court of Appeals in *Collins v. State,* Chipman, Judge:

"These two statutes [Ind.Code §§ 35–4.1–1–3 and 35–4.1–1–4], strictly construed and enforced, promote two equally laudable goals. First, they establish an absolute, uniform procedure for the acceptance of guilty pleas. Trial courts are put on notice that all the requirements of the statutes must be complied with. Second, our interpretation of the statutes make appellate review of guilty plea cases much less subjective. All we need determine is whether the statute has been complied with, thereby allowing for summary disposition in many cases. The result is an absolute assurance that defendants' pleas will be accepted only when they are truly knowing, intelligent and voluntary, and a speedy administration of justice on the appellate level. Thus, by our decision, we do not place form over substance; rather, we require strict, formal compliance only as a means of assuring substantive compliance and promoting sound judicial policy." 394 N.E.2d at 213.

Defendant's presentence investigation report reveals that he had a record of several convictions both upon larceny offenses and drug possession offenses, but there is nothing in the record to reflect that he was aware that such convictions could bear directly upon the length of the sentence that would be imposed upon his plea of guilty.

The judgment of the trial court denying relief to petitioner is contrary to law and is ordered reversed. This cause is remanded to the trial court with instructions to vacate the guilty plea and reinstate Petitioner's plea of not guilty.

DeBRULER and HUNTER, JJ., concur.

PIVARNIK, J., dissents with opinion in which GIVAN, C.J., concurs.

PIVARNIK, Justice, dissenting.

I must dissent from the majority's opinion holding that the trial judge did not properly advise Defendant-Petitioner Johnson before accepting his guilty plea because the trial judge failed to specifically advise Petitioner that his prior convictions could be considered aggravating circumstances for sentencing purposes. As the majority point out, this action pertains to a petition for post-conviction relief and Petitioner

therefore has the burden of proof and stands in the shoes of one appealing from a negative judgment. The trial judge as trier of fact is the sole judge of the weight of the evidence and of the credibility of the witnesses. Only when the evidence is without conflict and leads to but one conclusion which the trial court did not reach will the trial court's post-conviction decision be disturbed as contrary to law. *Neal v. State,* (1983) Ind., 447 N.E.2d 601; *Neville v. State,* (1982) Ind., 439 N.E.2d 1358.

I believe the majority's opinion is based on an erroneous interpretation of Ind.Code § 35–4.1–1–3(d) (Burns 1979). It is my opinion that the Court of Appeals properly interpreted this statute in *VanDerberg v. State,* (1982) Ind.App., 434 N.E.2d 936. Writing for the Third District, Judge Hoffman found that § 35–4.1–1–3(d) did not require the trial court to always inform the defendant that his prior convictions could result in an aggravated sentence. Judge Hoffman specifically wrote:

"A trial court needs to discuss the prior convictions only when there is a possibility that the maximum sentence provided for in the individual sentencing statutes may be increased because of a prior conviction or convictions. Once the trial court informs a defendant of the maximum sentence for the offense charged, it fulfills its statutory obligation. Trial courts need not inform a defendant of the aggravating circumstances which could result in an increase to the presumptive sentence. To the extent that *Bullock v. State,* [ (1980) Ind.App., 406 N.E.2d 1220] holds otherwise, it misconstrues IC 1971, 35–4.1–1–3."

*VanDerberg,* Ind.App., 434 N.E.2d at 938. There are many penalty statutes in Indiana which provide a maximum and minimum sentence for a guilty verdict or plea and which further provide that if the defendant previously has been convicted of the same crime, the rank of the then pending conviction is raised to require a more severe penalty. An example of such a penalty statute was considered by this Court in *Sweet v. State,* (1982) Ind., 439 N.E.2d 1144, *reh. denied* (1983). Appellant Sweet was

charged with having knowingly delivered marijuana in an amount under thirty grams pursuant to Ind.Code § 35–48–4–10 (Burns Supp.1982). Indiana's penal code specifically aggravates a drug dealing offense from class A misdemeanor status to class B felony status when the person charged previously has been convicted of an offense involving marijuana or hashish. Another example of such a statute is Ind.Code § 9–11–2–3 (Burns Supp.1983) whereby a conviction for operating a motor vehicle while intoxicated is increased to class D felony status if the defendant previously has been convicted of operating a motor vehicle while intoxicated. Moreover, our penal statutes generally increase a crime from class C felony status to class B or class A felony status when a weapon is used or injury results in the commission of the crime. I believe, therefore, that the legislature intended § 35–4.1–1–3(d) to require a trial court to advise a defendant of the effect of these penal statutes on the sentencing which follows a guilty plea only if a defendant's prior convictions might result in that defendant receiving a sentence in excess of the maximum provided by statute for the charged crime and announced by the trial judge. It appears to me to be a straining of the meaning and interpretation of this statute to hold that the legislature intended to require that the trial judge must always advise the defendant of all aggravating circumstances which might influence the trial judge in increasing the presumptive sentence.

The trial judge in the instant case informed Petitioner that the presumptive sentence for the crime of murder to which he was pleading guilty was forty years which could be reduced by mitigating factors or increased by aggravating factors. The trial judge further advised Petitioner that the trial judge had before him a document by which the prosecution indicated that it would argue for an increase over the presumptive sentence. The document also indicated that Petitioner would move for a mitigation of the presumptive sentence. The trial judge asked Petitioner if he was

aware of said document and its contents and Petitioner said that he was. The document considered and referred to by the trial judge was a plea bargain agreement signed by Petitioner's trial counsel, Petitioner and the prosecuting attorney. Said document specifically stated:

> "Further, at the time of sentencing, the State of Indiana will argue for incarceration and an aggravated sentence, and the defendant will argue for mitigation of sentence with the ultimate decision relative to the sentence to be imposed in this action to be left to the discretion of the judge."

Petitioner admitted killing the victim although he claimed that the victim attacked him first because of a personal argument they had. Petitioner specifically claimed that the victim took a swing at him with his knife which Petitioner then took from her and used to slash her throat; when the victim fell into some water, Petitioner held her under the water with his foot until she stopped moving. By his statements to the trial court and by his statements reported in the presentence report, Petitioner claimed that his "problems" resulted from his illicit use of drugs. The evidence adduced at trial in fact showed that Petitioner had a lengthy criminal record dating from 1975 which indicated many convictions for the use and sale of various illicit drugs and for various types of larceny and theft. The trial court found that Petitioner's sentence should be enhanced by ten years beyond the presumptive sentence of forty years due to the nature of the offense and due to Petitioner's criminal background.

Petitioner was exhaustively advised and examined by the trial court regarding all of his rights and the alternatives he faced upon entering a plea of guilty to this crime. Petitioner did not carry his burden to show that the advice given to him before entering his guilty plea was in any way deficient. I therefore dissent to the majority's opinion and would affirm the trial court.

GIVAN, C.J., concurs.