**Jerry TAYLOR, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 1282S498.

Supreme Court of Indiana.

Feb. 10, 1984.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

The Appellant (Petitioner) pled guilty, pursuant to a plea agreement, to Second Degree Murder, Ind.Code § 35–13–4–1 (Burns 1975) (Repealed), and Armed Robbery, Ind.Code § 35–13–4–6 (Burns 1975) (Repealed), and was sentenced to not less than fifteen (15) years nor more than twenty-five (25) years imprisonment for the Murder and twenty-five (25) years imprisonment for the Armed Robbery, sentences to run concurrently. This direct appeal from denial of his petition for post-conviction relief presents one issue for review: whether Appellant's guilty plea was knowingly, voluntarily and intelligently made. Specifically, Appellant argues that the trial court failed to address him and inform him that by his plea "he was waiving the constitutional right to cross-examine witnesses at trial." (Brief of Appellant at 11).

Although not itself couched in the terms of the statute, we accept Appellant's assignment that the statutory requirement relating to guilty plea advisements was not complied with, in that he was not adequately advised of his right to confront the witnesses against him.

At the time Appellant entered into his plea agreement and was convicted Ind.Code § 35–4.1–1–3(c) (Repealed by Acts 1981, P.L. 298, Section 9, effective September 1, 1982; amended and recodified as Ind.Code § 35–35–1–2 (Burns Supp.1983)) required that:

"The court shall not accept a plea of guilty from the defendant without first addressing the defendant and...

(c) Informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, *to face the witnesses against him*, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself," (emphasis added).

At Appellant's guilty plea hearing the following colloquy took place:

THE COURT: Do you understand that by such a plea you are giving up your right to a trial by jury? (R.203).

MR. TAYLOR: Yes, sir.

THE COURT: To have witnesses to appear for you in your favor and *the State's witnesses against you?* (emphasis added.)

MR. TAYLOR: Yes.

THE COURT: And to require the State of Indiana to prove your guilt beyond a reasonable doubt and this is a trial at which you yourself would not have to testify.

MR. TAYLOR: Yes. (R.204).

We have consistently held that it is the duty of the trial judge to comply strictly with the terms of Ind.Code 35–4.1–1–3 (now Ind.Code § 35–35–1–2 (Burns Supp.1983)). *Johnson v. State*, (1983) Ind., 453 N.E.2d 975; *Romine v. State*, (1982) Ind., 431 N.E.2d 780. The trial judge must create a record which provides a sufficient basis to conclude that the defendant was meaningfully advised of all the rights and law detailed in the statute. *Johnson*, 453 N.E.2d at 977; *Greer v. State*, (1981) Ind., 428 N.E.2d 787. We will not presume that a defendant was aware of this information from a silent record. *Johnson*, 453 N.E.2d at 977; *Turman v. State*, (1979) 271 Ind. 332, 339, 392 N.E.2d 483, 487. Failure to comply strictly with the statute is a failure to meet an absolute prerequisite to the acceptance of a guilty plea. *Johnson*, 453 N.E.2d at 977; *German v. State*, (1982) Ind., 428 N.E.2d 234; *Collins v. State*, (1979) Ind.App., 394 N.E.2d 211, 213.

However, we have also held that advisements in the exact language of the statute are not essential to strict compliance. *Romine v. State*, (1982) Ind., 431 N.E.2d 780, 784 and cases there cited. The

advisement of the court to the defendant, "... you are giving up your right .... [T]o have witnesses to appear for you in your favor and *the State's witnesses against you*," was the equivalent of an advisement in the language of the statute that the right *"to face the witnesses against him"* was being waived. (emphasis added).

We find no error. The judgment of the trial court is affirmed.

All Justices concur.