**Robert AVERY, Appellant (Petitioner below),**

v.

**STATE of Indiana, Appellee (Respondent below).**

No. 1182 S 428.

Supreme Court of Indiana.

June 4, 1984.

Susan K. Carpenter, Public Defender, Ihor N. Boyko, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Robert Avery, is before this Court appealing from the denial of his petition for post-conviction relief. The petitioner had pled guilty to murder and had been sentenced to a forty-year term of imprisonment. This appeal from the denial of relief presents three issues for review, one of which compels us to reverse the trial court's judgment and order the guilty plea vacated.

The petitioner was charged with murder on July 12, 1978. On December 20, 1978, the petitioner entered a plea of guilty, which was conditionally accepted by the trial court. The plea was eventually accepted, and the trial court advised the petitioner of the rights he was waiving by pleading guilty.

On June 19, 1980, the petitioner filed for post-conviction relief. After a series of continuances, the trial court held a hearing on July 23, 1982. The trial court denied post-conviction relief on August 6, 1982.

The petitioner now claims that his plea of guilty was not knowingly, intelligently, and voluntarily entered. The error requiring us to reverse relates to the requirement contained in Ind.Code § 35–4.1–1–3(d) (Burns 1979 Repl.). Subsection (d) prohibits the trial judge from accepting a guilty plea without first addressing the defendant and:

"Informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences...."

Failure to strictly comply with this statute is a failure to meet an absolute prerequisite to the acceptance of a guilty plea. *Johnson v. State*, (1983) Ind., 453 N.E.2d 975; *Collins v. State*, (1979) Ind.App., 394 N.E.2d 211. The record in this case shows that the trial judge did inform the petitioner of the maximum and minimum sentences for murder and of the possibility of receiving a consecutive sentence. The record, however, fails to disclose that the trial judge informed the petitioner "of any possible increased sentence by reason of the fact of a prior conviction or convictions." Ind.Code § 35–4.1–1–3(d). The record also does not disclose that the petitioner was aware that his prior convictions could result in an increased sentence. In a previous case the majority of this Court found the omission of this language to be error, requiring the guilty plea to be vacated. *Johnson v. State*, 453 N.E.2d 975. Here, as in *Johnson*, the petitioner had a record of prior convictions, but "nothing in the record [reflected] that he was aware that such convictions could bear directly upon the length of the sentence...." *Id.*, 453 N.E.2d at 978. The evidence here is without conflict and leads to but one conclusion, opposite to that reached by the trial court. As such, we must now reverse. Therefore, this cause is remanded to the trial court

with instructions to vacate the guilty plea and to reinstate the plea of not guilty.

DeBRULER and PRENTICE, JJ., concur.

GIVAN, C.J., and PIVARNIK, J., dissent.