**James L. HENNINGS,
Petitioner-Appellant,**

v.

**STATE of Indiana, Respondent-Appellee.**

**No. 3–983A290.**

Court of Appeals of Indiana,
Third District.

July 10, 1984.

---

Susan K. Carpenter, Public Defender, Bev Cummings, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

GARRARD, Judge.

This appeal results from a partial denial of post conviction relief.

On August 20, 1980, Hennings was charged with one count of rape and one count of burglary in Cause No. 8080. He was arrested either that same day or on August 21st. On December 15, 1980 in Cause No. 8110, he was charged with an attempted burglary (not the burglary referred to in No. 8080). On December 18, 1980 the state amended No. 8080 by adding, as a third count, unlawful deviate conduct.

On December 18, 1980 with the filing of the third count in No. 8080, as the result of a plea bargain Hennings entered a guilty plea to the charge of unlawful deviate conduct and the other two counts were dismissed. He then, also as the result of a plea bargain, entered a guilty plea to the charge of criminal trespass as a lesser included offense in Cause No. 8110.

At these guilty plea proceedings the court failed to advise Hennings of any possibility for the imposition of consecutive sentences. In No. 8080 the court imposed a six (6) year determinate sentence. In No. 8110 the court imposed a one year sentence and then ordered that the sentences be served consecutively.

■ Subsequently, Hennings petitioned for post conviction relief in both causes asserting the trial court's failure to advise him of the potential for consecutive sentences as required by IC 35–4.1–1–3, amended and recodified as IC 35–35–1–2, effective September 1, 1982. The pertinent portion of the statute requires that the court shall not accept a guilty plea without informing the defendant "of any possibility of the imposition of consecutive sentences." The statutory requirements are to be strictly complied with. *Johnson v. State* (1983), Ind., 453 N.E.2d 975.

After hearing the trial court granted the petition in No. 8110 and set aside the guilty plea therein but refused to grant relief in No. 8080. This appeal from the refusal in No. 8080 followed.

■ We believe the trial court acted correctly. Our decisions have held that the court must strictly comply with the statute. *Johnson, supra.* On the other hand, we deem it equally clear that no reversible error occurs where the accused is not advised of some matter that has no application to his case. *See, e.g., Jamerson v. State* (1979), Ind.App., 394 N.E.2d 222; *Likens v. State* (1978), 177 Ind.App. 101, 378 N.E.2d 24.

■ Here the statute required the court, before accepting a guilty plea, to advise Hennings of "any possibility of the imposition of consecutive sentences." IC 35–50–1–2 governs the imposition of consecutive sentences. It provides:

"(a) Except as provided in subsection (b) of this section, the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

(b) If a person commits a crime:

(1) after having been arrested for another crime; and

(2) before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime;

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed."

It is at this point that the fact of Hennings' prosecution in two separate cases is of critical importance. No motion to consolidate was ever made and no consolidation was ordered.

As to Cause No. 8080 the plea bargain offered by the state and accepted by the

court proposed to dismiss counts one and two in exchange for the guilty plea to count three. Accordingly, as to this cause there was nothing for the consecutive sentencing statute to operate on. *See Banton v. State* (1979), 180 Ind.App. 698, 390 N.E.2d 687. It was therefore not error to omit reference to consecutive sentencing.[1] This, however, was not the case with respect to Cause No. 8110. In that case subsection (b) of the statute was invoked because Hennings had been arrested for the offenses charged in No. 8080 and had not been discharged thereon. Thus, in No. 8110 the court was required to advise Hennings about consecutive sentencing and the post conviction court correctly set aside the guilty plea therein.

Since there was no potential for consecutive sentencing involved in Case No. 8080 the court correctly denied post conviction relief.

Affirmed.

HOFFMAN, J., concurs.

STATON, P.J., dissents and files separate opinion.

STATON, Presiding Judge, dissenting.

I dissent for the reason that the Statute, IC 35-35-1-2, has not been strictly complied with by the trial court. *Johnson v. State* (1983), Ind., 453 N.E.2d 975. The consolidation rationale employed by the Majority is mere sophistry. An examination of the record clearly indicates the trial court's awareness of the pending guilty pleas.

I agree with the sentiments expressed in Footnote one of the Majority opinion which states:

"1 Our decision deals only with whether reversible error was committed under these circumstances. We recognize, however, that it would be better practice

for the court in guilty plea proceedings to inquire of the accused whether he or she had any other charges pending in any court or was then on probation or parole from some other offense. Then any potential significance of the consecutive sentencing statute can be explored, any chance for less than complete understanding on the part of the accused will be minimized, and needless appeals and post conviction proceedings may be averted."

However, these sentiments do not appear to be applicable to Hennings' appeal. The record at page 64 indicates that the following occurred on December 18, 1981:

"MR. CROWDER: This is 8110 and 8080.

THE COURT: State vs. James L. Hennings. Are you related to Fred Hennings?

THE DEFENDANT: (No audible response.)

THE COURT: Is he your brother?

THE DEFENDANT: Um-hum.

THE COURT: Do you want to raise your right hand, please?

(James L. Hennings was duly sworn.)

MR. CROWDER: Judge, at this time in Cause No. 8080 the State of Indiana would offer a prosecuting attorney's recommendation. And I don't know how you want to approach this but we also will be offering a recommendation in 8110.

THE COURT: Plea bargain in both causes?

MR. CROWDER: Yes. They are separate bargains, however.

THE COURT: Okay, Mr. Hennings, it's the Court's understanding you wish to withdraw your plea of not guilty in both 8080 and 8110 and enter a plea of

---

1. Our decision deals only with whether reversible error was committed under these circumstances. We recognize, however, that it would be better practice for the court in guilty plea proceedings to inquire of the accused whether he or she had any other charges pending in any court or was then on probation or parole from

some other offense. Then any potential significance of the consecutive sentencing statute can be explored, any change for less than complete understanding on the part of the accused will be minimized, and needless appeals and post conviction proceedings may be averted.

guilty pursuant to the plea bargain. Is that correct?

THE DEFENDANT: Yes, sir.

"THE COURT: To set the record straight, 8080 provides, the plea bargain provides that you will plead guilty to unlawful deviate conduct pursuant to I.C. 35-4-4-2 which is a Class B Felony and that no charges will be filed against you pursuant to the plea bargain for an alleged attempted rape occuring [*sic*] on or about September the 15th, 1979 in Elkhart and that there is no agreement on sentencing.

The plea bargain in 8110 provides that you will plead guilty to criminal trespass which is a Class A Misdemeanor which is a lesser-included offense of burglary and there is no agreement on sentencing in that cause number. That's a lesser-included offense for the one that you are charged with. Is that correct?

THE DEFENDANT: Yes, sir.

MR. CROWDER: Judge, there's a couple of comments I want to make. First of all, in 8080 I would like to file Count III which is the charge of unlawful deviate conduct which is a Class B felony.

THE COURT: Okay. And then it would be my understanding that Counts I and II would then be dismissed?

MR. CROWDER: Yes. That is not reflected on the disclosure and we ought to write that in, I believe, at this time.

THE COURT: Okay. Mr. Hennings, before the Court can accept your plea of guilty under both of these causes I must be satisfied that you fully understand your constitutional rights, that your pleas of guilty are freely and voluntarily made and that you are in fact guilty.

"I will be asking you certain questions and I will be hearing some evidence. If you do not understand the questions or if you wish to consult with Mr. Bowers before you answer the questions, you may do so. Do you understand that?"

\* \* \* \* \* \*

"THE COURT: The Court has been informed that you wish to withdraw your pleas of not guilty and enter pleas of guilty to the two causes pursuant to the prosecuting attorney's recommendation which we previously went over. Is that what you now wish to do?

THE DEFENDANT: Yes, sir."

\* \* \* \* \* \*

"THE COURT: Are you now on parole, probation or under a withheld or suspended sentence from this or any other court?

THE DEFENDANT: No, sir.

THE COURT: No.

If you were, do you understand that the plea of guilty under those two cause numbers could adversely affect that?"

Later, on January 8, 1982 at Hennings' sentencing, the Record, page 86, clearly indicates that for all practical purposes the two guilty pleas were consolidated and that the trial court was aware of the guilty pleas. At page 87 of the Record, the deputy prosecutor addressed the trial court:

"MR. CROWDER: Judge, this is Cause No.—two cause numbers, 8110 and 8080, State v. Hennings. Both of these are coming on for sentencing this morning."

\* \* \* \* \* \*

"THE COURT: Mr. Hennings, you're before the Court today for sentencing. On December the 18th you entered a plea of guilty under Cause No. 8080 to Count III to a charge of unlawful deviate conduct which is a Class B Felony and under Cause No. 8110 you entered a plea the same day to the charge of criminal trespass which is a Class A Misdemeanor; is that correct?

THE DEFENDANT: Yes."

\* \* \* \* \* \*

"So the entire sentence for the two charges will be a total of seven years. The terms will have to, by statute, run consecutive to one another. So that will be the sentence of the Court."

On December 18, 1981 when the pleas were accepted by the trial court and on January 8, 1982 when Hennings was sentenced on both pleas, the trial court treated

the entire matter as one proceeding. It seems to me that it is an incredulous procedural distinction to say any possibility "... of consecutive sentences" has no application, and that it is of "critical importance" that Hennings was prosecuted under "two separate cases." Whether a motion to consolidate the two causes, 8080 and 8110, was made and granted can not overcome the practical treatment given the cases by the trial court. If the trial court treated them as one consolidated procedural matter, as it obviously did, there can be no excuse for not following the Statute and *Johnson v. State.* What was actually done by the trial court in accepting the guilty pleas must prevail rather than the formal motions which might have perfected the record. It must be implied from the trial court's actions that it chose to treat the two causes as consolidated. Therefore, I dissent, and I would reverse the trial court.