Eric NELSON, Appellant (Respondent below),

v.

STATE of Indiana, Appellee (Petitioner below).

No. 683S202.

Supreme Court of Indiana.

July 27, 1984.

Rehearing Denied Sept. 17, 1984.

Susan K. Carpenter, Public Defender, David Swinford, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

In petition for post-conviction relief,
The petitioner herein expounds his grief.
The record shows he does not lie;
With the Code [1] the court did not comply.

The problem is, as we herein perceive,
Petitioner was not told he could receive
A possible increased sentence by reason
Of criminal convictions in another season.

In previous cases [2] this Court has found
We must remand upon this ground.
It is the rationale of such decision
That rights be given with much precision.

We give the trial court instructions attendant:
To vacate the guilty plea of this defendant,
And the not guilty plea to reinstate;
It is so ordered from this date.

GIVAN, C.J., and DeBRULER, J., concur.

PRENTICE, J., concurs in result.

PIVARNIK, J., dissents.

1. The record shows that the court did carefully inform petitioner of the specific constitutional rights that he waived by pleading guilty. However, he did not inform petitioner "of any possible increased sentence by reason of the fact of a prior conviction or convictions" as the statute required. Ind.Code § 35–4.1–1–3(d) (Burns 1979 Repl.). Later, at the sentencing hearing, the court *did* use the prior convictions as one of the aggravating factors to enhance the sentence.

2. *Hoelscher v. State,* (1984) Ind., 465 N.E.2d 715; *Avery v. State,* (1984) Ind., 463 N.E.2d 1088; *Johnson v. State,* (1983) Ind., 453 N.E.2d 975.