Gerald F. GRIMES, Petitioner-Appellant,

v.

STATE of Indiana, Respondent-Appellee.

No. 3–1083A347.

Court of Appeals of Indiana,
Third District.

Sept. 27, 1984.

Rehearing Denied Nov. 29, 1984.

Susan K. Carpenter, Public Defender, William L. Touchette, Deputy Public Defender, Indianapolis, for plaintiff-appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

GARRARD, Judge.

Grimes' appeal contends that the trial court erred in denying post conviction relief because when his guilty plea was accepted in 1979 [1] the court (1) failed to advise him of his right to a "public" trial; (2) failed to determine whether his plea resulted from promises not appearing on the record, and (3) failed to advise Grimes that by pleading guilty he was admitting the truth of the facts alleged in the information.[2]

---

1. Thus, the plea was taken prior to the decision in *German v. State* (1981), Ind., 428 N.E.2d 234, the first of the "strict compliance" cases interpreting IC 35–4.1–1–3 [Repealed; for present law see IC 35–35–1–2]. We find no decision expressly considering whether the *German* doctrine should be applied retroactively. *Compare, e.g., Linkletter v. Walker* (1965), 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601. Nevertheless, our Supreme Court has clearly applied the rule ret-

rospectively. *See, e.g., Davis v. State* (1983), Ind., 446 N.E.2d 1317.

2. The post conviction court also expressly determined that Grimes was guilty of laches, and this finding is attacked on appeal. The post conviction relief hearing was conducted prior to the decision in *Twyman v. State* (1984), Ind., 459 N.E.2d 705 which overruled *Stutzman v. State* (1981), Ind.App., 427 N.E.2d 724. Since the trial

■ At the time of the guilty plea the court clearly advised Grimes of his right to trial by an impartial jury in the county where the offense was committed, to a speedy trial, to demand the nature of the accusation, a copy of the charge, to confront the witnesses and to have compulsory process. As in *Hayenga v. State* (1984), Ind., 463 N.E.2d 1383; *Lowe v. State* (1983), Ind., 455 N.E.2d 1126; and *Garringer v. State* (1983), Ind., 455 N.E.2d 335. Grimes was adequately advised concerning his right to a public trial.

■ During the proceeding the court asked Grimes twice if anyone had forced or coerced him in any way to enter into the agreement; if he had any questions about the agreement; if he was doing this of his own free will; whether anyone tried to "exercise any type of influence" over his decision; whether the basis of the plea bargain was primarily that no habitual criminal charge would be filed; and whether he had "made up your own mind as to the plea you want to enter?" Grimes' responses indicated that he was acting of his free will and that the court understood the agreement correctly. This record sustains the court's determination that Grimes was adequately queried about whether his plea was the result of promises not appearing on the record.

■ Finally Grimes contends that he was not properly advised that by pleading guilty he was admitting the truth of the facts alleged. While it is undeniable that the trial judge did not employ those precise words, he did the following: He informed Grimes of his right to trial by jury; advised him that he did not have to plead guilty to anything; that by pleading guilty he would be giving up his right to require the state to prove the charges against him beyond a reasonable doubt; that he was presumed to be innocent; and that upon a plea of guilty it would become the court's duty to impose sentence. He asked Grimes to explain in his own words what had happened, and

Grimes responded that he needed some money and that he broke into the Community Action Building and found about a hundred dollars which he took. Thus Grimes was clearly advised that he was entitled to a trial where the burden would be upon the state to prove him guilty, but if he chose to plead guilty he would be giving up that right and the court would proceed to impose sentence. Secondly, the factual basis for the plea was clearly established. Under these circumstances it appears to us that the purposes of advising a defendant that by a guilty plea he admits the truth of the facts alleged have been fully complied with. As in *Hayenga, Lowe* and *Garringer* the statutory mandate was fulfilled and the decision should be affirmed.

Affirmed.

HOFFMAN, J., concurs.

STATON, P.J., dissents and files separate opinion.

STATON, Presiding Judge, dissenting.

I dissent and would vote to reverse because Grimes was not advised that by pleading guilty he was admitting the allegations against him. The "advisement statute" relevant to Grimes' guilty plea reads as follows:

"The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

(a) Determining that he understands the nature of the charge against him;

(b) *Informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information* or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

(c) Informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury to face the wit-

court here apparently was following the *Stutzman* rationale, a new hearing would be required on the question of laches. We do not reach that

· question since the petitioner is not entitled to relief on the merits of his claim.

nesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(d) Informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences;

(e) Informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby. [IC 35-4.1-1-3, as added by Acts 1973, P.L. 325, § 4, p. 1750.]" (Emphasis added.)

IC 35-4.1-1-3 (1979 Burns Code Ed.) (repealed). *See* IC 35-35-1-2 (1984 Burns Code Supp.).

A majority of our Supreme Court has repeatedly held that the statute must be strictly followed. *Early v. State* (1983), Ind., 454 N.E.2d 416; *Johnson v. State* (1983), Ind., 453 N.E.2d 975; *German v. State* (1981), Ind., 428 N.E.2d 234. Although the precise language of the statute need not be employed, the court must affirmatively address the defendant and advise him of each enumerated consequence of his plea. *Id.*

It is undisputed that the trial court failed to advise Grimes that his plea constituted an admission of the allegations against him. At his guilty plea hearing, Grimes was directly advised of the other constitutional rights waived. Then, in compliance with another section of the Code, IC 35-4.-1-1-4,[1] the court established a factual basis for the plea by eliciting from Grimes a brief recitation of the facts of the crime with which he was charged. The majority's position is that the advisement of the

other rights and the establishment of the factual basis constitute compliance with IC 35-4.1-1-3 despite the court's obvious omission.

I believe that his elastic approach to the mandates of IC 35-4.1-1-3 was expressly rejected in *German v. State, supra,* 428 N.E.2d 234. In *German,* the trial court had omitted from its recitation of rights, *inter alia,* the advisement that by pleading guilty German was admitting the facts alleged against him. However, a plea bargain agreement, read and initialed by German, contained the exact advisement. Also, the court read the charges from the information to German and he answered affirmatively when asked if he understood the charge to which he was pleading guilty.[2]

When German petitioned for post-conviction relief, the trial court ruled that he was adequately advised of all his rights. The Supreme Court reversed and held:

"... [A] term of [a] written plea agreement may [not] be considered an adequate substitute for a personal advisement of so fundamental matter as the concept of waiver. We hold that it is the duty of the trial judge to comply strictly with the terms of Ind.Code § 35-4.1-1-3, set out in full above. The trial judge must address the defendant according to the requirements of the statute and determine that the defendant understands the charges against him; inform him that by pleading guilty the defendant is admitting guilt." *Id.* at 236.

As Justice Douglas wrote in *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, the roots of Indiana's advisement statute,:

"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full under-

---

1. IC 35-4.1-1-4 provides in part:

"(b) The court shall not enter judgment upon a plea of guilty unless it is satisfied from its examination of the defendant that there is a factual basis for the plea."

2. *See also, Sexton v. State* (1983), Ind., 455 N.E.2d 910 wherein the State conceded error because the court did not advise Sexton that his plea constituted an admission of the charges.

standing of what the plea connotes and of its consequences. When the judge discharges that function, he leaves a record adequate for any review that may be later sought and forestalls the spin-off of collateral proceedings that seek to probe murky memories." (Citations omitted.)

*Id.*, 89 S.Ct. at 1713. Also, one benefit of a rule requiring strict compliance with the statute is that a subjective approach to the voluntariness of a guilty plea can be avoided on review. *Johnson, supra,* 453 N.E.2d 975.

Whether or not it appears unlikely that a defendant who is able and willing to recite the facts surrounding a crime so that the court has its factual basis does not realize that the plea constitutes an admission of the facts, the fact is that the trial court here omitted mention of a fundamental consequence of Grimes' plea. The law is that the omission constitutes reversible error. The majority should have felt constrained to reverse. *See, e.g., Joshua v. State* (1983), Ind.App., 452 N.E.2d 463.