**Charles RICHARDS, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 583S186.**

Supreme Court of Indiana.

Feb. 18, 1985.

Susan K. Carpenter, Public Defender, David Swinford, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

The petitioner-appellant, Charles Richards Jr., is before this Court appealing from the denial of his petition for post-conviction relief. He pled guilty to two counts of robbery, class B felonies, Ind.Code § 35–42–5–1. He received two fifteen year sentences, to run concurrently.

Appellant raises one issue on appeal: (1) whether the trial court erred when it failed to advise him of any possible increased sentence because of prior convictions.

These are the facts relevant to the issue. On March 7, 1980, appellant pled guilty to two counts of class B robbery. The trial court in accepting the guilty plea failed to advise appellant of the possibility of an increased sentence because of prior convictions. On March 20, 1980, he received two concurrent fifteen year sentences. The trial court relied on the two prior felony convictions to increase the presumptive sentences of ten years to fifteen years. The post-conviction court initially granted appellant's petition for post-conviction relief; however, it granted the State's motion to correct errors on the basis of *Vanderberg v. State* (1982), Ind.App., 434 N.E.2d 936.

## I

█ A plea of guilty is an admission or confession of guilt made in court before a judge. It is also a waiver of specific constitutional rights. In order to uphold a guilty plea as knowing and voluntary, the record must provide a sufficient basis for the conclusion that the appellant was meaningfully informed of the rights and law detailed in Ind.Code § 35–4.1–1–3 (Burns 1979); *Turman v. State* (1979), 271 Ind. 332, 392 N.E.2d 483. See *Boykin v. Alabama* (1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 280.

Appellant's claim rests upon Ind.Code § 35–4.1–1–3(d) which prohibits the trial judge from accepting a guilty plea without first addressing the appellant and

"informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences ..."

█ While strict compliance with the terms of the statute is required, *German v. State* (1981), Ind., 428 N.E.2d 234 (Givan, C.J., and Pivarnik, J., dissenting), the exact language of the statute need not be used, *McCann v. State* (1983), Ind., 446 N.E.2d 1293; *Laird v. State* (1979), 270 Ind. 323, 385 N.E.2d 452.

██ There is nothing in the entire record which indicates that appellant was advised at any point of any possible increased sentence because of prior convictions. *Williams v. State* (1984), Ind., 468 N.E.2d 1036, 1037. Both the State and the trial judge admit that the advisement was not personally given. The State, however, contends that *Vanderberg,* supra, renders such an advisement unnecessary since the trial court informed appellant of the maximum sentence. This Court expressly overruled *Vanderberg* in *Johnson v. State*

(1983), Ind., 453 N.E.2d 975. Failure to strictly comply with Ind.Code § 35–4.1–1–3(d) is a failure to meet an absolute prerequisite to the acceptance of the guilty plea. *Johnson, supra.*

We find that the appellant's plea of guilty was not knowingly, intelligently and voluntarily entered; therefore, this case is remanded to the trial court with instructions to permit the appellant to withdraw the plea.

HUNTER and PRENTICE, JJ., concur.

GIVAN, C.J., and PIVARNIK, J., dissent without opinion.