Bernard ROMINE, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 981S259.

Supreme Court of Indiana.

March 2, 1982.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Bernard Romine, is before this Court appealing from the denial of his petition for Post-Conviction Relief, Rule 1. Therein, he sought relief from the judgment entered on his pleas of guilt to second-degree murder, Ind.Code § 35–13–4–1 (Burns 1975) and violence while armed with a firearm, Ind.Code § 35–23–4.1–2 (Burns 1975). In his appeal, he presents the following issues for our review:

1. Whether the trial court failed to advise petitioner of the statutory sentencing provisions which applied to his guilty pleas; and

2. Whether the trial court adequately advised petitioner of his constitutional right of confrontation prior to the entry of his pleas.

Both of petitioner's contentions are based on the requirements of Ind.Code § 35–4.1–1–3 (Burns 1975), which governs the entry and acceptance of a valid guilty plea. Consequently, we consolidate the issues for purposes of discussion.

At the post-conviction relief proceeding, petitioner had the burden of establishing his grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1, § 5; *Turman v. State,* (1979) Ind., 392 N.E.2d 483. In reviewing the denial of a petition for post-conviction relief, this Court may

not weigh the evidence or judge the credibility of witnesses. Only when the evidence is without conflict and leads to but one reasonable conclusion contrary to that reached by the trier of fact will the decision be reversed as contrary to law. *Henson v. State*, (1979) Ind., 392 N.E.2d 478; *Hoskins v. State*, (1973) 261 Ind. 291, 302 N.E.2d 499.

■ Petitioner maintains the trial court failed to fulfill its duties under Ind.Code § 35–4.1–1–3, *supra*, which reads in pertinent part:

> "*Plea of guilty—Defendant advised by court.*—The court shall not accept a plea of guilty from the defendant without first addressing the defendant and
>
> \* \* \* \* \* \*
>
> "(c) informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;
>
> "(d) informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences. . . ."

Strict compliance with the dictates of the statute is required of our trial courts, as the state concedes. *German v. State*, (1981) Ind., 428 N.E.2d 234; *Turman v. State*, *supra*, *Bullock v. State*, (1981) Ind.App., 406 N.E.2d 1220; *Barfell v. State*, (1979) Ind. App., 399 N.E.2d 377; *Collins v. State*, (1979) Ind.App., 394 N.E.2d 211.

Petitioner first argues the trial court failed to properly advise him of the statutory sentencing provisions which would apply to him if his guilty pleas were accepted. His argument is predicated on two bases.

He points to the fact the trial court incorrectly advised him at the guilty plea hearing that the sentence for committing violence while armed with a firearm was required by statute to be served consecutively to his sentence for second-degree murder. In fact, Ind.Code § 35–23–4.1–18(d) (Burns 1975), which governed sentencing for the crime, permitted the trial court to impose the sentence on either a consecutive or concurrent basis.

■ Clearly the court erred in its interpretation of the statutory sentencing provision; just as clearly the court strictly complied with subsection "d" of Ind.Code § 35–4.1–1–3, *supra*, for the court twice stressed to defendant at the guilty plea hearing that if his pleas were accepted, the sentence for violence while armed with a deadly weapon would be imposed consecutively to the sentence for second-degree murder, as per the terms of the plea agreement petitioner had executed. In both instances petitioner indicated he understood the two sentences would not be served simultaneously if the pleas were accepted. Based on this record, the court properly rejected defendant's claim, for subsection "d" required the court to inform him of "the possibility of the imposition of consecutive sentences." Ind.Code § 35–4.1–1–3(d), *supra*. The Court's statements informed petitioner the "possibility" would in fact occur if the pleas were accepted; the petitioner consequently fully understood the consequences of his plea, notwithstanding any misinformation regarding the statutory sentencing alternatives detailed in Ind.Code § 35–23–4.1–18(d), *supra*.

■ Petitioner also maintains the trial court failed to properly advise him regarding the possibilities of obtaining parole on his determinate ten-year sentence for violence while armed with a firearm. We note the language of Ind.Code § 35–4.1–1–3, *supra*, does not require the court to inform defendants of parole possibilities. *See Jamerson v. State*, (1979) Ind.App., 394 N.E.2d 222.

Nevertheless, petitioner asserts the court's statements incorrectly informed and confused him concerning the time he would actually spend incarcerated. The court informed him as follows:

THE COURT: "I will sentence you to the 10, but it will be up to the Parole Board how long to give you. If you earn good time and things like that can be earned against that."

DEFENDANT ROMINE: "Yeah, I know."

THE COURT: "But the first one was 15 to 25 years and 10 years, but you are allowed to earn good time on your 10 years."

DEFENDANT ROMINE: "Uh-huh (affirmative)."

\* \* \* \* \* \*

THE COURT: "It's ten years where you get good time, you get good time on the ten years."

ATTORNEY MALOY: "What we're saying, the sentence, the court sentences you to a ten year flat, ten years, is that what you were wondering?"

DEFENDANT ROMINE: "What I want to know the difference in ten years and flat ten."

THE COURT: "The way you're talking about on the ten years—"

DEFENDANT ROMINE: "Ten years."

THE COURT: "Which means that the papers say you're there for ten years; however, the parole board may give you good time, you may earn good time on the ten years and they may let you out short of ten years, at any time they think that's possible."

DEFENDANT ROMINE: "I understand that."

Petitioner maintains the court erred in informing him that he was eligible for parole. Relying on *Dunn v. Jenkins*, (1978) 268 Ind. 478, 377 N.E.2d 868, he asserts inmates serving determinate terms such as his ten-year sentence did not qualify for parole.

As recognized in *Dunn*, defendant's contention is correct insofar as inmates who served determinate sentences prior to 1974. That year, however, our General Assembly enacted Public Law 43, which added a new chapter and section to the statutes governing dimunition of sentences. The public law reads in pertinent part:

"Every prisoner sentenced upon conviction of a felony to an interdeterminate term of imprisonment in a correctional institution shall be eligible for release on parole upon completion of his minimum term. *Every prisoner sentenced upon conviction of a felony to a determinate term of imprisonment in a correctional institution shall be eligible for release on parole upon completion of one-half (½) of his determinate term or at the expiration of twenty (20) years, whichever comes first.*" Acts 1974, P.L. 43 § 2, p. 186 (emphasis added).

The act, which was codified at Ind.Code § 11-1-1-9.1 (Burns 1980 Supp.) (repealed effective October 1, 1980 by Acts 1979, P.L. 120 § 22), took emergency effect on the date of its passage, over two years prior to defendant's plea and sentencing.

Petitioner was properly advised by the court. He was eligible for parole on his determinate ten-year sentence. Ind.Code § 11-1-1-9.1, *supra; Wolfe v. State*, (1977) 173 Ind.App. 27, 362 N.E.2d 188.

Petitioner has also maintained the court's use of the phrase "and things like that [good time]" and its admonition that the Parole Board could release him "at any time they think that's possible" misrepresented the actual time he would be required to serve. As heretofore quoted, the transcript of the guilty plea hearing reveals the court expended effort to insure the petitioner understood he would serve the entire fifteen-year sentence for murder, after which he would serve the determinate ten-year term, subject to early release on the basis of good time earned and the discretion of the Parole Board. To these matters the petitioner indicated his understanding.

■ In the face of these circumstances, we cannot say the evidence leads only to the conclusion that defendant's plea was invalid due to the manner in which the court explained the sentencing aspects of the plea. The trial court did not err in rejecting this basis for the post-conviction relief petition.

Petitioner also predicated his claim for relief on the argument that the trial court did not properly advise him of his right to confront the witnesses against him, as required by Ind.Code § 35–4.1–1–3(c), *supra*, and *Boykin v. Alabama*, (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Defendant's claim focuses on the following colloquy at the guilty plea hearing:

> THE COURT: "And in a trial, anybody that's going to testify against you would have to do it from the witness stand; they can't do it out on the street, they would have to come in here and testify."
>
> DEFENDANT ROMINE: "I understand that."

Petitioner argues the court's advisement was inadequate to convey sufficient understanding of his right to confront and cross-examine witnesses against him.

We are not enamored of the language employed by the trial court. Still, this Court has repeatedly held that the advisement of rights necessary to satisfy *Boykin* and its statutory progeny need not occur in the precise and exact language of Ind.Code § 35–4.1–1–3, *supra; Mathis v. State*, (1980) Ind., 406 N.E.2d 1182; *Laird v. State*, (1979) Ind., 385 N.E.2d 452. The essence of both *Boykin* and our requirement of strict compliance with Ind.Code § 35–4.1–1–3, *supra*, is that the record of the guilty plea hearing reveal defendant entered his guilty plea voluntarily and with an intelligent understanding of the rights forsaken by the plea.

On the record before us, we cannot say the trial court's statement failed that purpose. As it explained, the trial court sought to reduce the advisement of rights to terms which the defendant, an illiterate, could understand. Defendant was informed he would forego a trial in which his counsel would represent him, as he had done in pretrial depositions taken by the defense. In this context, we cannot say the trial court erred in rejecting the post-conviction relief claim, for the evidence does not lead inalterably to the conclusion the defendant did not understand his right to face witnesses against him would also embrace the right to examine them at trial. *Mathis v. State, supra; Laird v. State, supra.*

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.