**Richard E. CATT, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 2–1281A399.

Court of Appeals of Indiana, Second District.

June 24, 1982.

Susan K. Carpenter, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Richard E. Catt appeals the denial of his petition for post-conviction relief filed pursuant to Indiana Rules of Procedure, Post-Conviction Rule 1. The petition resulted from a guilty plea Catt entered to a charge of theft of less than $100, I.C. 35–17–5–3 (Burns Code Ed. 1975, Repealed). Catt raises three issues on appeal:

1) whether Catt's plea of *guilty was* knowingly, intelligently, and voluntarily entered;

2) whether the conviction was proper as a lesser included offense without amending the charge; and

3) whether there was a valid waiver of the right to counsel.

Because the first issue constitutes reversible error, we reach only that issue.

Catt carries the burden to establish his grounds for relief by a preponderance of the evidence. To prevail from the adverse judgment below, Catt must show the evidence leads unerringly and unmistakably to a decision in his favor. *German v. State*, (1981) Ind., 428 N.E.2d 234, 236. Catt met this burden.

It is well settled an Indiana court shall not accept a guilty plea without first addressing and advising the defendant according to the provisions of I.C. 35–4.1–1–3 and I.C. 35–4.1–1–4 (Burns Code Ed., Repl. 1979). The statutes' purpose is to ensure guilty pleas are entered into voluntarily, understandingly, and knowingly by criminal defendants. Where a court fails to so address and advise, a reversal of the decision must result. *German v. State*, 428 N.E.2d at 237, now requires a direct statement by

the trial court to the defendant of at least some of the statutory provisions; however, even prior to *German* it was necessary for a court to comply strictly with the statute. *See, e.g., Bullock v. State*, (1980) Ind.App., 406 N.E.2d 1220; *Turman v. State*, (1979) Ind., 392 N.E.2d 483.

■ The record shows virtually no compliance with the statutory mandate. The trial court did advise Catt of the nature of the original charge. Record at 107–08. However, the recitation of the pending charge was the extent of the trial court's attempt to comply with the law. Thus, Catt's plea of guilty must be vacated because the court's non-compliance renders the guilty plea involuntary because voluntariness will not be presumed from a silent record. *Turman*, 392 N.E.2d at 487.

· ■ In addition, the trial court made a material misstatement to Catt which vitiates the voluntariness of Catt's guilty plea. The court informed Catt he was pleading guilty to a misdemeanor when, in fact, he pled guilty to theft which is a felony, *Young v. State*, (1970) 254 Ind. 379, 260 N.E.2d 572. Record at 107. That fact alone would cause this court to vacate the plea. A misstatement of a material fact erases any voluntariness present on Catt's part. The potential consequences of a felony conviction in light of the additional punishment assessable against a habitual offender render the characterization of Catt's plea as a misdemeanor plea material. Thus, the trial court erred in determining Catt pled guilty knowingly and voluntarily to a felony.

Without reaching the other issues raised, the judgment of the trial court is reversed and this case is ordered remanded with instructions to vacate the guilty plea and for such other proceedings as are deemed appropriate including, but not limited to, a plea of not guilty and a trial on the merits.

BUCHANAN, C. J., and SULLIVAN, J., concur.