James JONES, Appellant (Petitioner),

v.

STATE of Indiana, Appellee (Respondent).

No. 2–1283A465.

Court of Appeals of Indiana, Second District.

Oct. 10, 1984.

Susan K. Carpenter, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge concurring in denial of petition for rehearing.

I concur in the denial of the State's Petition for Rehearing. In doing so, I feel it necessary to set forth what I believe to be an implicit but unstated basis for our adherence to the case precedent represented by *German v. State* (1981) Ind., 428 N.E.2d 234, and its progeny.

In the original opinion in this cause, *Jones v. State* (2d Dist., 1984) Ind.App., 467 N.E.2d 757, we stated:

"[M]ost important for our purposes, is this recent Indiana Supreme Court language: 'Strict compliance with our statute [IC 35–35–1–2(a), (b) ] is demanded of our trial courts in order to determine that any waiver of *fundamental constitutional rights* is knowingly and intelligently given.' *Davis v. State*, (1983) Ind., 446 N.E.2d 1317, 1321 (emphasis supplied); *see also Early v. State*, (1982) Ind., 442 N.E.2d 1071. Implicit in this clear language are two logical conclusions. First, failure to inform the defendant of *any* of the rights enumerated in the guilty plea statute results in an

invalid waiver of rights. And second, *all* of the items included in the guilty plea statute are of equal weight. All are of 'constitutional dimension'."

Although some of the statutorily enumerated matters of which a defendant must be advised do not in themselves cover specific rights afforded by the U.S. or Indiana constitutions, they are nevertheless of constitutional dimension. One may not be held to have knowingly and intelligently waived various rights which are clearly constitutional, e.g., the right to trial by jury, unless he is also advised of matters set forth in the statute. A defendant might well choose to not waive his constitutional right to trial by jury if he is aware that he might receive consecutive sentences pursuant to a guilty plea. It is for this reason that a defendant must be advised of the possibility of consecutive sentences and it is for this reason that the statutorily required advisements are of constitutional dimension.