John Hite MAGGARD, Appellant,

v.

STATE of Indiana, Appellee.

No. 283S76.

Supreme Court of Indiana.

Jan. 7, 1985.

Thomas J. Mattern, Wabash, for appellant.

Linley E. Pearson, Atty. Gen., Robert K. Johnson, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a trial court's decision not to allow the appellant to withdraw his guilty pleas to rape, a class A felony, Ind.Code § 35–42–4–1, criminal deviate conduct, a class A felony, Ind.Code § 35–42–4–2, and confinement, a class B felony, Ind.Code § 35–42–3–3. Appellant was sentenced to fifty years in prison.

Appellant raises several issues. We will reach the merits of one on appeal: (1) whether he knowingly and intelligently waived his right to counsel.

These are the facts that tend to support the trial court's acceptance of appellant's guilty pleas. Appellant was arrested and taken to the Wabash County Jail at about 12:35 a.m. on August 11, 1982. He was taken before the court for arraignment on August 12, 1982. He appeared before the court without counsel. The proceeding that day concluded with findings of guilty upon pleas of guilty to three charges, namely; Count I, rape while armed with a gun; Count II, criminal deviate conduct while armed with a gun; and Count III, confinement while armed with a gun. A pre-sentence investigation and report was ordered.

On August 23, 1982, appellant appeared without counsel before the trial court in order to submit his verified motion to withdraw his guilty pleas. The trial court appointed counsel, and ordered a hearing to be held on the matter.

On September 20, 1982, a full evidentiary hearing was held to determine the validity of his guilty pleas, and the trial court denied appellant's motion. Subsequently, the State filed a "Motion to Dismiss Appeal" with this Court. This Court denied the State's motion on May 4, 1983, and allowed this case to proceed as a direct appeal.

Appellant contends that he did not make a knowing waiver of the right to counsel at the arraignment on August 12, 1982. I.C. 35–4.1–1–1 (repealed) governed the conduct of that arraignment. It provided in part,

"(a) Before any person is tried for the commission of an offense he shall be called into open court, informed of the charge against him, and called upon to plead thereto...."

I.C. 35–4.1–1–2 (repealed) likewise governed and provided in part,

"A guilty plea shall not be accepted from a defendant unrepresented by counsel who has not freely and knowingly waived his right to counsel."

The record reflects the pertinent exchange between appellant and the court.

Q. Mr. Maggard you are here today charged with rape, you are here for arraignment on that charge, arraignment means the charges against you will be read to you, your rights will be explained

to you and you will be asked whether you want to plead guilty or not guilty. Your first right is your right to have an attorney represent you at this proceeding and at all future proceeding. Do you understand that?

A. Yes.

Q. Do you want to be represented by an Attorney in this proceeding?

A. No sir.

Q. You understand you are entitled to have one, whether you can afford one or not.

A. Yes.

Q. And you do not want to be represented by one, is that correct?

A. Correct.

The state in its brief takes the position that the waiver of counsel was accomplished at this point. There is no other possible interpretation of the record of this proceeding for after this point no further mention is made of the right to counsel or to the waiver of the right. However, it is important to a principled decision in this matter that after the purported waiver of counsel, the following occurred:

"Q. How old are you, Mr. Maggard?

A. Thirty-one.

Q. Then let me read the information which has been filed against you, to you, then I will explain your rights to you and read the statute....

MR. THRUSH: (Prosecutor) There are three informations.

Q. Okay, the information is plural then, Mr. Maggard. (Court reads informations to defendant). Do you understand the charges against you Mr. Maggard?

A. Is that three separate charges?

Q. Three separate charges, yes........

  *   *   *   *   *   *

A. Uh, yes. Uh, do the charges run together or are they separate?

  *   *   *   *   *   *

A. Uh, it says that it is a deadly weapon. Is a pellet gun a deadly weapon?

Q. I don't know. Is it a deadly weapon Mr. Thrush?

A. Or a bebe gun, I guess it was a bebe gun.

Two things are clear from this record. First at the time appellant purportedly relinquished his right to have the aid and assistance of counsel he had been expressly and mistakenly informed by the judge that he was being called upon to waive counsel in a proceeding involving only a single rape charge, when in fact it involved three charges, two of which were Class A felonies, and all three of which carried the element of being armed. Second, after the purported waiver, several distinct and important legal issues were developed in the proceedings which required legal study and contemplation on the part of the judge and prosecutor. The circumstances in this arraignment are similar to those which occurred in *Catt v. State* (1982), Ind.App., 437 N.E.2d 1001, where the trial judge informed the defendant that he was confronted with a misdemeanor charge, where in fact the charge was a felony. That misinformation robs the waiver of counsel of its necessary knowing quality. Moreover, the legal questions posited by appellant to the court, tracing their source to exact nature of the three felony counts and the sentencing provision which they triggered, likewise undermine the waiver.

Here, the record shows that appellant was not sufficiently aware of the consequences of his choice to proceed without counsel. As a result his waiver of the right to counsel was not knowingly and intelligently given.

This cause is remanded to the trial court with instructions to permit the guilty pleas upon all counts to be withdrawn, and for further proceedings.

PRENTICE and PIVARNIK, JJ., concur.

GIVAN, C.J., dissenting with opinion.

HUNTER, J., concurring in GIVAN's dissent.

GIVAN, Chief Justice, dissenting.

I respectfully dissent from the majority opinion in this case. The majority states,

as one of its reasons for reversal, that appellant mistakenly thought he was being charged with the crime of Rape only, whereas he was in fact being charged with the crime of Rape, Criminal Deviate Conduct and Confinement.

It is true the trial judge at the beginning of the hearing, where the plea was accepted, did state that appellant was charged with Rape and did not mention the other two charges. However, when he started to read the information to the appellant, he was corrected by the prosecuting attorney who stated that appellant was charged with three separate charges. The judge acknowledged the correction and read the three charges to the appellant at that time. I therefore see no substance to the claim that appellant did not know that he was charged with three separate offenses.

Secondly, the majority opinion states that several legal issues developed which required legal study and contemplation on the part of the judge and the prosecutor. This had to do with the question of whether or not a pellet gun was a deadly weapon. I disagree with the majority's analogy that this represented a similar question as that occurring in *Catt v. State*, (1982) Ind.App., 437 N.E.2d 1001.

In that case the trial judge misinformed the defendant that he was confronted with a misdemeanor charge, when in fact he was charged with a felony. That certainly was not the situation in the case at bar. Appellant was told at the hearing that he was charged with committing the crimes with the use of a deadly weapon. He was certainly advised of the maximum of the situation. Had it been discovered that the charge was erroneous because of the nature of the weapon it would have been to his benefit not to his detriment.

I see nothing in the case at bar that justifies the withdrawal of the plea of guilty to all counts. The record indicates appellant was fully advised and that he entered his plea of guilty knowingly and freely.

I would affirm the trial court.

HUNTER, J., concurs.