**Anthony SIDES, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 2–284A38.

Court of Appeals of Indiana, Second District.

July 22, 1985.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Anthony Sides (Sides) was arrested on April 3, 1982, and charged with burglary

and resisting arrest (crime one). He was released on bond pending trial and on May 12, 1982, committed unrelated offenses of burglary and theft (crime two). On July 30, 1982, Sides pleaded guilty to crime one and received a five (5) year sentence. Pursuant to a plea agreement, on September 23, 1982, Sides pleaded guilty to the burglary charge of crime two and received a three (3) year executed sentence to run consecutively with the sentence on crime one.[1] In his petition for post-conviction relief, Sides contended that his plea of guilty on crime two was not knowing, intelligent and voluntary due to an erroneous advisement at the guilty plea proceedings.[2]

Specifically, Sides argues that I.C. 35–50–1–2 does not require consecutive sentencing under these facts and that the trial court's advisement to the contrary renders Sides' guilty plea invalid. This statute provides:

"Consecutive and concurrent terms.— (a) Except as provided in subsection (b) of this section, the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

(b) If a person commits a crime:

(1) After having been arrested for another crime; and

(2) Before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime; the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed." (Burns Code Ed.Repl.1985).

At the guilty plea proceedings, the trial court advised Sides that the court had no option but to impose consecutive sentences for crimes one and two according to the provisions of I.C. 35–50–1–2. This advisement was prompted by the prosecutor's assertion that consecutive sentencing was required because Sides was out on bond for crime one at the time he committed crime two. Sides' defense counsel did not object to the advisement. The trial court thereafter accepted the guilty plea and sentenced Sides in accordance with the plea agreement which recited that the State would recommend the three (3) year sentence to be served consecutively.

■ It is well established that a trial court is required to comply strictly with the advisements enumerated in I.C. 35–35–1–2, prior to accepting a defendant's guilty plea. *Taylor v. State* (1984) Ind., 459 N.E.2d 37; *German v. State* (1981) Ind., 428 N.E.2d 234. That statute requires, in part, that the trial court inform the defendant of the range of sentencing possible, the effect of prior convictions, and any possibility of the imposition of consecutive sentences. *Avery v. State* (1984) Ind., 463 N.E.2d 1088. Failure to properly advise the defendant vitiates the guilty plea. *German, supra.*

■ Sides, however, does not allege that a particular advisement was omitted. Rather, he alleges that the advisement he received was an erroneous and material misstatement of the applicable law. This misinformation, he argues, adversely affected the voluntariness of the guilty plea. We agree that a defendant cannot meaningfully plead guilty if he is not properly informed of the consequences of his plea. *See Catt v. State* (1982) 2d Dist., Ind.App., 437 N.E.2d 1001 (defendant informed he was pleading guilty to a misdemeanor when he was actually pleading guilty to a felony). Therefore, if the advisement concerning the application of the mandatory consecutive sentences provision was erroneous, Sides' guilty plea may not be held to have been voluntarily given.[3]

---

1. In exchange for this guilty plea, the State agreed to dismiss the theft charge.

2. I.C. 35–35–1–2 and 35–35–1–3 (Burns Code Ed. Repl.1985).

3. Although a different result might prevail in instances where it is clear that the alleged misinformation did not affect the voluntariness of the plea, *e.g., Disney v. State* (1982) 1st Dist., Ind.App., 441 N.E.2d 489, such is not the case before us. In *Disney,* there was ample evidence to support the conclusion that Disney would have pleaded guilty "notwithstanding his knowledge of the restitution obligation." 441 N.E.2d at 492. In this instance, *all* of the parties and the trial judge apparently believed that I.C. 35–

**574**

A defendant subject to multiple sentences will ordinarily serve them concurrently. *See Allen v. State* (1983) Ind., 453 N.E.2d 1011; *Brown v. State* (1982) Ind., 442 N.E.2d 1109. In appropriate circumstances, consecutive sentences may be imposed within the discretion of the trial judge who must assess and identify the mitigating and aggravating circumstances relevant to the sentencing determination. *Abercrombie v. State* (1981) Ind., 417 N.E.2d 316. Consecutive sentences, as a matter of law, must be imposed upon a defendant whose multiple offenses trigger the application of I.C. 35–50–1–2(b), *supra.*

The State contends Sides' second crime triggered the mandatory consecutive sentences provision of I.C. 35–50–1–2 and, therefore, the trial court's advisement to that effect was proper. In support of its argument that the mandatory consecutive sentences section is not contingent upon a defendant being "on" parole, probation or serving a term of imprisonment at the time of the second offense, the State cites *Ramirez v. State* (1983) 2d Dist., Ind.App., 455 N.E.2d 609, *aff'd by an equally divided Court* (1985) —— U.S. ——, 105 S.Ct. 1860, 85 L.Ed.2d 866. In *Ramirez*, the defendant argued that because he was free on bond at the time he committed the second offense he was not subject to the mandatory consecutive sentences provision. This court noted that the statutory language did not expressly require that a defendant be "on" parole, probation or imprisoned, and that the statute was triggered if the second crime occurred after

  (a) the arrest for crime one

  (b) but, prior to discharge from parole, probation or imprisonment imposed for the earlier crime.

Although it appears from the face of the statute and the particular language employed therein, that our General Assembly intended this provision apply to offenders, like Sides, whose multiple offenses occur during a considerably brief time span, we

50–1–2(b) mandated consecutive sentencing for Sides, and it is reasonable to assume this factor

are precluded from following the course indicated by our *Ramirez* decision. A very recent interpretation of I.C. 35–50–1–2 by our Supreme Court mandates this conclusion. In *Hutchinson v. State* (1985) Ind., 477 N.E.2d 850, the defendant had been arrested and was in jail awaiting trial on an armed robbery charge. He was given permission to attend a funeral and there attempted to escape. Hutchinson was charged with attempted murder after he shot a police officer during the escape attempt. Hutchinson was convicted and the trial court imposed consecutive sentences pursuant to I.C. 35–50–1–2–(b). Our Supreme Court determined that I.C. 35–50–1–2(b) was not applicable because Hutchinson was not "on probation, parole, or serving a term of imprisonment at the time the other offenses were committed." 477 N.E.2d at 857, *citing Haggard v. State* (1983) Ind., 445 N.E.2d 969. *Cf. Hennings v. State* (1984) 3d Dist., Ind.App., 465 N.E.2d 1142, 1144. (At the guilty plea hearing, the trial court must address the defendant pursuant to I.C. 35–50–1–2(b) if, at the time of the second offense, the defendant has "any other charges then pending or was then on probation or parole from some other offense.")

In light of *Hutchinson, supra*, we are constrained to agree that the trial court's advisement herein was erroneous. Like the defendant in *Hutchinson*, Sides was awaiting disposition on crime one when he committed crime two, and was not then on parole, probation or serving a term of imprisonment. From the facts presented, it cannot be said that Sides would have pleaded guilty had he known I.C. 35–50–1–2(b) did not require consecutive sentences. *Disney, supra*, 441 N.E.2d 489.

Because Sides was misinformed about the consequences of his guilty plea, we reverse the denial of post-conviction relief and remand with instructions to vacate Sides' guilty plea.

GARRARD, J. (participating by designation), and SHIELDS, J., concur.

weighed heavily in plea negotiations.