**Anthony SIDES, Appellant
(Petitioner Below),**

v.

**STATE of Indiana, Appellee
(Respondent Below).**

No. 2–284–A–38.

Court of Appeals of Indiana,
Second District.

Sept. 12, 1985.

Rehearing Denied Nov. 7, 1985.

---

**758**

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION ON PETITION FOR REHEARING

SULLIVAN, Judge.

In its Petition for Rehearing, the State, speaking through Attorney General Linley E. Pearson and his Deputy, Richard Albert Alford, seeks reconsideration of our reversal of the trial court's judgment which denied post-conviction relief. The trial court refused to set aside the appellant's guilty plea. In our opinion of July 22, 1985, 480 N.E.2d 572, we held that the decision of the Indiana Supreme Court in *Hutchinson v. State* (1985) Ind., 477 N.E.2d 850, compelled us to disregard an earlier opinion by this District of the Court of Appeals, *Ramirez v. State* (1983) 2d Dist.Ind.App., 455 N.E.2d 609, *aff'd by an equally divided court* (1985) —— U.S. ——, 105 S.Ct. 1860, 55 L.Ed.2d 113. We followed the mandate of the *Hutchinson* decision and held the trial court here had erroneously interpreted I.C. 35–50–1–2 (Burns Code Ed.Repl.1985) in advising the defendant Sides that consecutive sentencing was mandatory because he committed a second crime while free on bond pending trial upon an earlier, unrelated offense.

This Court may be somewhat appreciative of the accolades of the Attorney General and his Deputy in their statement that our *Ramirez* decision is a "better and fully reasoned finding of legislative intent" than are the decisions of the Indiana Supreme Court in *Hutchinson v. State, supra,* and *Haggard v. State* (1983) Ind., 445 N.E.2d 969. On the other hand, this Court might be entitled to take umbrage at the accusation of the Attorney General and his Deputy that we did not have the "fortitude to stand by" our *Ramirez* decision.

█ The Petition for Rehearing filed by the Attorney General through his Deputy

urges this Court to exhibit an injudicious impertinence and audacity and to overrule decisions of the Indiana Supreme Court. We are not permitted to do so. It is perhaps appropriate to remind the Attorney General and his Deputy that the Indiana Court of Appeals is an intermediate appellate tribunal. The Indiana Court of Appeals is bound by the decisions of the Indiana Supreme Court no matter how strongly the intermediate court might disagree with the wisdom, logic, or legal analysis of the higher court. *In Re Petitions to Transfer Appeals* (1931) 202 Ind. 365, 174 N.E. 812; *Harrison v. State* (1975) 2d Dist. 166 Ind. App. 602, 337 N.E.2d 533, *trans. denied* 264 Ind. 708, 344 N.E.2d 293 (J. DeBruler dissenting to denial of transfer).

We suggest that the pleas of the State for a change in the law are more properly addressed to the Indiana Supreme Court.

█ However, the State does call our attention to an error in our opinion of July 22, 1985. We there stated:

"We agree that a defendant cannot meaningfully plead guilty if he is not properly informed of the consequences of his plea. *See Catt v. State* (1982) 2d Dist.Ind.App., 437 N.E.2d 1001 (defendant informed he was pleading guilty to a misdemeanor when he was actually pleading guilty to a felony). Therefore, if the advisement concerning the application of the mandatory consecutive sentences provision was erroneous, Sides' guilty plea may not be held to have been voluntarily given." [1] Ind.App., 480 N.E.2d 572, 573.

We then concluded that, according to *Hutchinson, supra,* 477 N.E.2d 850, the advisement was erroneous and that Sides was entitled to have his guilty plea set aside.

---

1. The terms "knowing," "intelligent," and "voluntary" contain certain overlapping attributes which have, on occasion, resulted in these terms being used interchangeably. *See e.g., Beahan v. State* (1983) 3d Dist.Ind.App., 449 N.E.2d 1183; *Catt v. State, supra,* 437 N.E.2d 1001. These terms, however, are not synonymous. A "voluntary" guilty plea reflects the absence of coercion (threats or promises) in the giving of the plea while "knowing" and "intelligent" concern the defendant's awareness and understanding of the consequences of the plea itself. Thus a plea, though voluntarily given, will still be set aside if not accompanied by a complete and proper disclosure of the constitutional and statutory rights waived by the guilty plea. I.C. 35–35–1–2 (Burns Code Ed.Repl.1985). *See generally German v. State* (1981) Ind., 428 N.E.2d 234.

After due consideration, we have determinded that our original opinion, directing that Sides' guilty plea be set aside, was in error. This conclusion necessitates vacation of our opinion, although for different reasons than those advanced by the State in its Petition for Rehearing.

 The State, in its Petition for Rehearing, cites *Romine v. State* (1982) Ind., 431 N.E.2d 780, for the proposition that an erroneous advisement as to the particular sentence applicable does not affect the character of the guilty plea.[2] In *Romine,* our Supreme Court held that the misadvisement as to the applicable sentencing provision did not vitiate the guilty plea. The *Romine* court noted:

"Clearly the court erred in its interpretation of the statutory sentencing provision; just as clearly the court strictly complied with subsection 'd' of Ind.Code § 35–4.1–1–3, *supra,* for the court twice stressed to defendant at the guilty plea hearing that if his pleas were accepted, the sentence for violence while armed with a deadly weapon would be imposed consecutively to the sentence for second-degree murder, as per the terms of the plea agreement petitioner had executed. In both instances petitioner indicated he understood the two sentences would not be served simultaneously if the pleas were accepted. Based on this record, the court properly rejected defendant's claim, for subsection 'd' required the court to inform him of 'the possibility of the imposition of consecutive sentences.' Ind.Code § 35–4.1–1–3(d), *supra.* The Court's statements informed petitioner the 'possibility' would in fact occur if the pleas were accepted; the petitioner consequently fully understood the consequences of his plea, notwithstanding any misinformation regarding the statutory

sentencing alternatives detailed in Ind. Code § 35–23–4.1–18(d), *supra.*" 431 N.E.2d at 782.

Thus, *Romine* appears to support the State's contention that a misadvisement of this nature, as opposed to a failure to advise,[3] as to the applicable sentence is harmless error.

At the time *Romine* was decided, the principal focus of reviewing courts was upon the proper advisement and waiver of the purely constitutional rights enumerated in *Boykin v. Alabama* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, *i.e.,* the privilege against compulsory self-incrimination, the right to trial by jury and the right to confront one's accusers. *See e.g., Mathis v. State* (1980) 273 Ind. 609, 406 N.E.2d 1182; *Maleck v. State* (1976) 265 Ind. 604, 358 N.E.2d 116.

In *Turman v. State* (1979) 271 Ind. 332, 392 N.E.2d 483, our Supreme Court reviewed a guilty plea entered pursuant to an advisement which informed the defendant that he had "the right *to testify* without prejudice." (Original emphasis) 392 N.E.2d at 486. The correct advisement, contained in the written plea agreement, would have informed the defendant that he had "the right *not to testify* without prejudice." *Id.* In reversing the trial court's denial of post-conviction relief, the Supreme Court stated:

"We would not ordinarily disturb the trial court's weighing of the evidence where two statements regarding the privilege of self-incrimination conflicted. However, the weight of the judge's erroneous statement in open court would certainly outweigh the impact of a contrary but correct statement of the law contained in the plea agreement entered into at an earlier date. Again we are led unerringly to a result not reached by the

---

**2.** *Phillips v. State* (1982) Ind., 441 N.E.2d 201, also cited by the State, is inapplicable. In *Phillips,* our Supreme Court held that if a defendant agrees to a particular sentence in a plea agreement, that of itself justifies the conforming aggravated sentence without need for an additional statement of reasons prior to imposition of the sentence. Sides' situation is distinctly different. We are here faced with the quality or

correctness of the advisements which must *precede* the acceptance of the plea.

**3.** A trial court's failure to advise according to the dictates of I.C. 35–4.1–1–3 (repealed, now I.C. 35–35–1–1 to 35–35–1–4) clearly constitutes grounds to set aside a guilty plea. *Ford v. State* (1985) Ind., 479 N.E.2d 1307.

trial court, that petitioner was not properly advised of his privilege against self-incrimination as provided by the Fifth Amendment to the United States Constitution." 392 N.E.2d at 488.

In holding that a misadvisement concerning a *Boykin* right was sufficient reason to justify setting aside a guilty plea, our Supreme Court reiterated the principle that a defendant cannot knowingly, intelligently and voluntarily plead guilty unless he has been meaningfully informed of the constitutional rights waived by the guilty plea.

Until 1984, some decisions appeared to draw a distinction between the constitutional rights enumerated in *Boykin, supra,* 395 U.S. 238, 89 S.Ct. 1709, and the statutory advisements in I.C. 35–4.1–1–3. *See Bullock v. State* (1980) 1st Dist.Ind.App., 406 N.E.2d 1220, 1221 (court must inform defendant of the potential effect of prior convictions only if "they bear directly upon the length of the sentence which the court is to render upon the guilty plea."); *Collins v. State* (1979) 4th Dist. 182 Ind.App. 95, 394 N.E.2d 211, 214 (court suggested that failure to advise defendant that trial court was not party to nor bound by plea agreement might constitute harmless error if the court followed the State's recommendation in the plea agreement).

■ Similarly, by Acts 1984, P.L. 179, § 1, the Indiana General Assembly attempted to codify this distinction by adding subsection (c) to I.C. 35–35–1–2 (replacing I.C. 35–4.1–1–3) to the effect that:

"Any variance from the requirements of this section that does not violate a constitutional right of the defendant is not a basis for setting aside a plea of guilty."

This effort was unavailing, however, for in *Jones v. State* (1984) 2d Dist.Ind.App., 467 N.E.2d 757, 760, *reh. denied* 469 N.E.2d 39, this court stated:

"[M]ost important for our purposes, is this recent Indiana Supreme Court language: 'Strict compliance with our statute [IC 35–35–1–2(a), (b) ] is demanded of

our trial courts in order to determine that any waiver of *fundamental constitutional rights* is knowingly and intelligently given.' *Davis v. State,* (1983) Ind., 446 N.E.2d 1317, 1321 (emphasis supplied); *See also Early v. State,* (1982) Ind., 442 N.E.2d 1071. Implicit in this clear language are two logical conclusions. First, failure to inform the defendant of *any* of the rights enumerated in the guilty plea statute results in an invalid waiver of rights. And second, *all* of the items included in the guilty plea statute are of equal weight. All are of 'constitutional dimension'.

So, when the legislature passed the amendment saying, '[a]ny variance from the requirements of this section that does not violate a constitutional right of the defendant is not a basis for setting aside a plea of guilty', what effect did it have? Who is the keeper of constitutional rights? If each of the items included in the guilty plea statute is of constitutional dimension, *Davis, supra,* then it can only logically be concluded that the amendment is a nullity, an empty vessel. The Indiana Supreme Court has already decided that any variance from the designated advisements will *always* result in a violation of the constitutional rights of the defendant. Thus, the amendment can have no operative effect." [original emphasis] [4]

It appears, therefore, according to *Jones, supra,* 467 N.E.2d 757, that all advisements, constitutional and statutory, must be accorded equal weight when reviewing whether or not the guilty plea was knowingly, intelligently and voluntarily entered. Clearly then, the failure to examine the defendant on any of the statutory rights or advisements constitutes grounds upon which to grant post-conviction relief. Just as clearly, a *misadvisement* pursuant to I.C. 35–35–1–2 may be erroneous if the misadvisement prejudices a defendant's ability to meaningfully waive his constitu-

---

**4.** The quoted portion of *Jones* was approved and adopted by our Supreme Court in *Austin v.* *State* (1984) Ind., 468 N.E.2d 1027.

tional rights. *See Jones, supra,* 469 N.E.2d 39 (J. Sullivan concurring to denial of petition for rehearing). The determination as to whether a misadvisement materially affects the character of the plea must depend upon the particular circumstances of each case.

We need not here decide, however, whether *Romine, supra,* 431 N.E.2d 780, is the controlling precedent on the proper review of alleged misadvisements. We are unwilling to conclusively discount the applicability of *Turman, supra,* 392 N.E.2d 483, because the misadvisement may, in some circumstances, significantly impair a defendant's capacity to make a valid waiver. *See e.g. Maggard v. State* (1985) Ind., 472 N.E.2d 888 (defendant advised he was waiving right to counsel on one charge, but he was actually facing three charges); *Catt v. State, supra,* 437 N.E.2d 1001 (defendant informed he was pleading guilty to a misdemeanor when he was actually pleading guilty to a felony). Rather, we hold that the advisement received by Sides was not an erroneous interpretation of the law as it existed at the time Sides pleaded guilty.

The advisements which Sides received with respect to the consecutive sentences aspect of I.C. 35–50–1–2 were consistent with the applicable law at the time. As stated in our original opinion, I.C. 35–50–1–2(b) is not expressly contingent upon a defendant being "on" parole, probation or serving a term of imprisonment. Indeed, until our Supreme Court's decision in *Hutchinson v. State* (1985) Ind., 477 N.E.2d 850, there had been no definitive case law as to the application of I.C. 35–50–1–2 to defendants who, like Sides, commit the second crime prior to final disposition upon the first crime. *But see, Garrett v. State* (1980) 3d Dist.Ind.App., 411 N.E.2d 692, 695 (The Court, in *dicta,* stated that

subsection (b) was inapplicable to defendant Garrett because he was not "on probation, parole or serving a term of imprisonment" at the time he committed the second offense). The advisement upon which Sides has premised his allegation of error was rendered erroneous by our Supreme Court's subsequent decision in *Hutchinson, supra,* 477 N.E.2d 850.

 Under the circumstances, we find the advisement which Sides received was a correct interpretation at the time of the plea; therefore, Sides' guilty plea was given in a knowing, intelligent and voluntary manner,[5] and Sides is not entitled to the relief sought. *See Cooks v. United States* (5th Cir.1972) 461 F.2d 530, 532 (if the challenged advisement was correct at the time of the guilty plea, it does not matter that subsequent pronouncements "dispossess the court of power to impose a particular sentence"). *Cf., Hammond v. United States* (4th Cir.1975) 528 F.2d 15 (guilty plea not understandingly given because defendant induced to enter the bargain upon erroneous advice of defense counsel). The principle espoused by *Cooks, supra,* best insures that a defendant will receive the complete and proper advisements necessary to effect the waiver of constitutional and statutory rights inherent in the plea of guilty, without requiring that attorneys, prosecutors and trial judges be clairvoyant about future pronouncements in the law.

For these and the foregoing reasons, we hereby reverse our original decision and affirm the trial court's denial of post-conviction relief.

GARRARD (participating by designation) and SHIELDS, JJ., concur.

---

5. We do not adopt the State's suggestion that Sides received the benefit of the bargain and should not now be heard to complain. We have previously stated that the rationale underlying the requirement that a defendant be properly advised is to insure that the guilty plea is given with full knowledge of the consequences. Thus, the existence of a specified sentence in the plea agreement does not absolve the trial court from its obligation to inform the defendants as to the minimum sentence provided by statute. *McKinney v. State* (1982) 3d Dist.Ind.App., 442 N.E.2d 727.